**Henry L. ATTERBERRY, Plaintiff–Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.**

No. 87–4038.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 11, 1988.

Decided April 4, 1989.

George N. Fell, II, Toledo, Ohio, for plaintiff-appellant.

Thomas A. Karol, Asst. U.S. Atty., Toledo, Ohio, for defendant-appellee.

Before KRUPANSKY and GUY, Circuit Judges, MEREDITH, District Judge.*

MEREDITH, District Judge.

Appellant, Henry L. Atterberry ("Atterberry"), appeals from the Order of the District Court granting summary judgment for the appellee, Secretary of Health and Human Services ("Secretary"). For the following reasons, the judgment of the District Court is affirmed.

Atterberry filed an application on January 9, 1984, for disability benefits pursuant to the Social Security Act, 42 U.S.C. §§ 416(i), 423, alleging disability dating from December 16, 1983. Specifically, Atterberry alleged an inability to engage in any substantial gainful activity due to a severe heart condition. Atterberry's claim was denied by the Social Security Administration ("Administration") on April 6, 1984, and on reconsideration on April 18, 1984.

A hearing was requested and held before an Administrative Law Judge ("ALJ") on August 20, 1984. On October 9, 1984, the ALJ again denied disability benefits, finding that Atterberry was not disabled, as defined in the Social Security Act, and that he retained the residual functional capacity to perform sedentary work. Atterberry filed a Request for Review of the ALJ's decision with the Administration's Appeals Council. On February 12, 1985, the Appeals Council determined that there was no basis under applicable regulations to grant Atterberry's Request for Review. Upon the denial of the Request for Review, the ALJ's decision became the final decision of the Secretary.

Atterberry then filed suit in the United States District Court for the Northern District of Ohio, seeking judicial review of the Secretary's decision pursuant to 42 U.S.C. § 405(g). The action was assigned to a Magistrate, who recommended in his Report and Recommendation dated September 2, 1987, that the District Court grant summary judgment in favor of the Secretary.

* Honorable Ronald E. Meredith, United States District Court, Western District of Kentucky, sitting by designation.

The District Court entered an Opinion and Order accepting the Magistrate's recommendation on October 15, 1987. This appeal followed.

At the time of the administrative hearing, Atterberry was 49 years old. He had an 8th grade education with no additional vocational education or training. He had past relevant work experience as a mechanic for an oil company. This work ranged from medium to heavy work in exertional activity and was skilled work in nature. Atterberry had not engaged in substantial gainful activity since December 16, 1983. The medical evidence established that Atterberry suffered from severe cardiac impairment and had a history of no less than two significant myocardial infarctions.

Atterberry's primary contention on appeal is that the final decision of the Secretary was not supported by substantial evidence. Counsel contends the Secretary's decision denying Social Security disability benefits to the claimant was erroneous based on the following:

I. The Secretary erred in failing to find that the Claimant's severe cardiovascular impairment met or at least equalled the 20 C.F.R. 404 Appendix I, Subpart P, 4.04 B Category of Cardiovascular Impairments.

II. The Secretary erred in failing to find the Claimant suffers from severe psychological nonexertional impairment which would further limit his available work base.

III. The Secretary erred in finding that the Claimant's complaints of severe pain and limitations in basic work abilities were not credible and would not prevent him from performing the full range of sedentary work.

IV. The Secretary erred in mechanically applying the Regulations Appendix II Medical–Vocational Guidelines and summarily finding the Claimant disabled under Grid Rule 201.19 and 201.-20 without the benefit of vocational expert testimony.

Substantial evidence is defined as " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), (quoting *Consolidated Edison v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). "Substantiality of the evidence must be based upon the record as a whole" and " 'must take into account whatever in the record fairly detracts from its weight.' " *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir.1984) (quoting *Beavers v. Secretary of Health, Education & Welfare*, 577 F.2d 383, 387 (6th Cir.1978)), as cited in *Cole v. Secretary of Health and Human Services*, 820 F.2d 768, 771 (6th Cir.1987). In its evaluation of the arguments regarding the substantiality of the evidence proffered by counsel for the respective parties, this Court remains mindful that "an administrative decision is not subject to reversal merely because substantial evidence would support an opposite decision." *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

The initial burden of proof in this matter rests with the claimant to show that he cannot perform his past relevant work. Upon making this showing, the burden shifts from the claimant to the Secretary. The findings of the ALJ in the instant action stated that "The claimant is unable to perform his past relevant work as a maintenance mechanic for an oil company." (Transcript of Record (TR), p. 23). As such, in accordance with this Court's decision in *Cole*, 820 F.2d at 771, the Secretary must show the following:

Once the claimant establishes that he cannot perform his past relevant work, the burden shifts to the Secretary to establish that the claimant retains the residual functional capacity to perform "substantial gainful work which exists in the national economy." *Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir.1986); *see also Francis v. Heckler*, 749 F.2d 1562, 1566 (11th Cir.1985). Substantial evidence must support a finding that the claimant has the vocational qualifications to perform specific jobs. *Richardson v. Secre-*

*tary of Health & Human Services,* 735 F.2d 962, 964 (6th Cir.1984) (per curiam). The Secretary may meet this burden by reference to the medical vocational guidelines ("the grids") unless the claimant suffers from nonexertional limitations that significantly limit the range of work permitted by his exertional limitations. *Damron v. Secretary of Health & Human Services,* 778 F.2d 279, 281–82 (6th Cir.1985).

Upon a review of the record as a whole, the Secretary's findings are supported by substantial evidence; therefore, the lower court's decision will be affirmed.

■ Atterberry contends that the Secretary erred in failing to find that the claimant's severe cardiovascular impairment met or at least equalled the 20 C.F.R. 404, Appendix I, Subpart P, 4.04 Category of Cardiovascular Impairments. On page 18 of the Appellant's brief, Atterberry states: "Specifically, the Secretary relies upon the isolated testimony of Dr. Sodeman who appeared at the Administrative hearing and testified in the capacity of medical advisor that the claimant has not had the requisite angina (chest pain of cardiac origin) since December of 1983 necessary to satisfy said listing and offered said testimony without the benefit of any investigation." The Court finds the claimant's perception and/or characterization of the ALJ's findings on this issue allegedly based upon the "isolated testimony of Dr. Sodeman" as self-serving. While the Court recognizes that Dr. Sodeman did not actually treat or physically examine the claimant, his opinion was based upon the objective evidence of medical reports made by the claimant's treating physicians and testimony given by the claimant himself. Similarly, the ALJ reviewed and interpreted this evidence individually as part of the entire record.

Atterberry contends that he suffers from a cardiovascular impairment of sufficient severity to meet or equal the Listing of Impairment, including chest pain of cardiac origin. In support thereof, claimant sets forth findings by various treating physicians which address his severe heart disease and accompanying pain. (Appellate Brief pp. 22–24).

Having considered the evidence proffered by the claimant the Court must emphasize the impact of the Bruce Protocol Exercise Treadmill Test administered to the claimant by his cardiologist, Dr. Bhatia on February 21, 1984. While claimant acknowledges that a treadmill test was performed, much of the evidence and/or proof relied upon by the claimant to support his position on this issue concentrates on findings in reference to Subsection B of Section 4.04. As revealed in Appellant's brief (p. 19), Subsection B would only be applicable in the absence of "a report of an acceptable treadmill exercise test." As such, the Court must resolve this issue in consideration of Subsection A and the proffered evidence.

The testimony of Atterberry, Dr. Sodeman and various exhibits consisting of medical reports show that there was substantial evidence to support the Secretary's findings on this issue. Dr. Sodeman, the Secretary's medical advisor, gives a complete and detailed explanation as to why the claimant did not meet or equal the listings of impairment contained in the regulations. (TR. pp. 55–59). Dr. Sodeman very pointedly states that Atterberry has severe heart problems; however, pursuant to Section 4.04 A he did not have the electrocardiographic changes or the angina pectoris required to support a disability finding. Dr. Sodeman's opinion is substantially supported by medical reports/records compiled by the claimant's own treating physicians.

The record speaks for itself in reference to the electrocardiographic changes required to comply with Section 4.04 A. These changes must occur at 5 METS or less. As the record reveals, these changes occurred at just over 5 METS. (Exhibit No. 17; TR. pp. 143–159). While these changes occurred at "slightly" over 5 METS, they still did not fall within the regulations. Whether we agree or not, the Secretary and this Court are obligated to interpret and enforce the regulations as they are written.

Atterberry challenges the Secretary's finding that he did not have the requisite type angina to meet the Section 4.00 E requirements. The claimant's characterization of his pain as "sharp" rather than the requisite crushing, etc. type pain further lends support for the Secretary's findings. Atterberry contends that the Secretary unduly relied upon the precise term used by him in his characterization of his pain. However, Atterberry's testimony and the medical record support the Secretary's finding that the claimant did not have the angina pectoris required under Section 4.00 E.

In no less than four segments of the record does evidence exist that the claimant did not have the required type chest pain to satisfy Section 4.04 A and in great likelihood had not had this pain since December, 1983. Atterberry testified to this fact at his August 20, 1984 hearing. (TR. pp. 51, 53). Medical evidence further supported this finding. (Exhibit 14, p. 137; Exhibit 17, p. 143; Exhibit 18, p. 160). While it may appear that the Secretary and the District Court were being overly critical as to the subjective characterization of the claimant's pain, Dr. Sodeman's testimony very specifically showed the importance of this characterization as to the location and character of the pain. (TR. pp. 56, 57). Given the above, the Court determines that the Secretary's finding that the claimant's cardiovascular impairment did not meet or equal the listing of impairments as contained in the regulations was supported by substantial evidence.

Atterberry claims the Secretary erred in finding that his complaints of severe pain and limitations in basic work abilities were not credible and would not prevent him from performing the full range of sedentary work. Given the record in this case, this issue does not require a belabored analysis. As this Court instructed in *Weaver v. Secretary of Health and Human Services,* 722 F.2d 310, 312 (6th Cir. 1983), an ALJ "must cite some other evidence for denying a claim of pain in addition to personal observation." The ALJ very ably considered the medical record *in toto* in evaluating the claimant's subjective complaints of pain and work limitations. The ALJ stated on page 20 of the transcript:

In deciding whether a claimant is disabled, the Administrative Law Judge must consider not only the medical evidence, but additionally, the claimant's allegations of his symptoms. Although prolonged and severe symptoms may be disabling, the claimant's allegations of his symptoms must be evaluated with due consideration to credibility, motivation, and medical evidence of impairment.

After careful consideration of the entire record, including the testimony of the claimant, it is determined that the claimant's allegations concerning the severity of his symptoms and limitations as to preclude the performance of all types of substantial gainful activity are not supported by the medical evidence and are not credible.

As stated above, the ALJ very specifically set forth the criteria he utilized in evaluating the claimant's subjective complaints of pain and work limitations. The record reveals that the ALJ evaluated the same as stated. As such, the Court will not disturb the ALJ's finding on this issue.

■ The claimant next contends that the Secretary erred in failing to find that he suffered from a severe psychological nonexertional impairment which would further limit his available work base. Atterberry underwent a psychological evaluation on August 4, 1984, as performed by Stanley M. Zupnick, Ph.D., a clinical psychologist. Dr. Zupnick filed his report and opinion on August 13, 1984 (Exhibit 24). The ALJ considered Dr. Zupnick's report, and the absence of evidence of any prior psychological treatment in determining that Atterberry did not have a severe nonexertional impairment. (TR. pp. 21–22, Exhibit 28). By the claimant's own admission, he had never received any treatment from any psychologist or psychiatrist as of August 20, 1984. (TR. p. 54). The only suggestion in the record that the claimant has any type of severe psychological impairment was based on an evaluation of the claimant

made less than two weeks prior to the hearing.

Contrary to the claimant's suggestion, Dr. Zupnick is not a treating physician given the fact that he evaluated the claimant on only one occasion. As such, his opinion will be weighed as any other consulting physician. Psychological examinations administered to the claimant by Dr. Zupnick failed to reveal a severe psychological impairment. Atterberry's Rotter Incomplete Sentences Form indicated that he was an individual who "generally is somewhat depressed." (TR. p. 173). Atterberry's MMPI profile revealed an individual with some tendency of "feeling mildly depressed." (TR. p. 174). Given the record as a whole and the findings that the claimant was "somewhat or mildly" depressed, the Court finds that the ALJ's finding that the claimant did not suffer from a severe nonexertional psychiatric impairment was supported by substantial evidence.

Finally, Atterberry contends that the Secretary erred in mechanically applying the medical-vocational guidelines ("grids") without the benefit of testimony from a vocational expert. This Court recently discussed in the *Cole* decision the appropriateness of applying the "grids" where the claimant allegedly suffered from nonexertional impairments. On page 772 of the *Cole* opinion, Judge Wellford stated:

> A nonguideline determination is required only if "the nonexertional limitation restricts a claimant's performance of a full range of work at the appropriate residual functional capacity level ..." *Kirk v. Secretary of HHS*, 667 F.2d 524, 528–529 (6th Cir.1981); *see also Kimbrough v. Secretary of HHS*, 801 F.2d 794, 796 (6th Cir.1986). A mere allegation of a nonexertional limitation is not sufficient to preclude application of the grid; the determining factor is whether the alleged nonexertional impairment is severe enough to alter the conclusion that the claimant could do a full range of sedentary work. *Kimbrough*, 801 F.2d at 796; *Kirk*, 667 F.2d at 537.

As determined above, the Court affirmed the Secretary's finding that Atterberry did not have a severe nonexertional psychiatric impairment. As such, the application of the grids in the instant action without benefit of vocational expert testimony was appropriate.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.