896 F.2d 553
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary COAKLEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1575.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1990.
 
 Before BOGGS and ALAN E. NORRIS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Mary Coakley appeals the district court's determination that the Secretary of Health and Human Services (the Secretary) correctly denied her application for disability insurance benefits. Coakley argues that the court erred by finding that she was not disabled because her job at a church laundry constituted past relevant work and substantial gainful employment. The Secretary maintains that there is substantial evidence to support his decision. Finding that the church laundry job was not past relevant work, we reverse.
 
 
 2
 * A
 
 
 3
 On September 8, 1983, Coakley filed an application for disability insurance benefits, claiming that she became disabled on August 5, 1980 due to hearing difficulties in her right ear, ulcers, diabetes, hypertension, and pain in her left hand, right foot, back, and neck.[1] Her application was denied initially and on reconsideration.
 
 
 4
 Coakley requested a hearing, and on October 29, 1985, an Administrative Law Judge (ALJ) ordered that her application be reconsidered according to the new rules promulgated under the Social Security Disability Benefits Reform Act of 1984. Coakley's application was again denied initially and on reconsideration. Coakley again requested a hearing, and on September 8, 1987, the ALJ found that she was not disabled. An amended decision on October 9, 1987 adhered to the finding of no disability. The Appeals Council revised this decision and expunged some of the ALJ's statements because they were not supported by the facts; the finding of no disability was upheld. Coakley brought an action in the district court, which assigned the case to Magistrate Virginia Morgan. The magistrate recommended that Coakley's motion for summary judgment be granted, but the district court granted the Secretary's motion for summary judgment.
 
 B
 
 5
 Coakley, born on March 13, 1924, is 65 years old. She did not graduate from high school. She claims that she has been unable to work since August 5, 1980, when an injury to her left hand, together with a collection of other illnesses, became increasingly debilitating. She has diabetes, which has caused polyneuropathy in her extremities. In December 1981, she broke her ankle; she now needs a cane to walk. In May 1982, she hurt her back in a car accident. She also suffers from depression; at the time of her hearing, Coakley was seeing a psychiatrist twice per month. She tried to commit suicide in 1987, about three months before the hearing. Dizzy spells resulting from her diabetes occur four or five times per day, each lasting fifteen or twenty minutes. She has hypertension, to which she attributes headaches that often cause nausea or vomiting. Coakley has very limited use of her left hand. She usually spends her time in the house, either in traction or watching television in bed. She occasionally gets out of the house, drives a car, does some grocery shopping, and goes fishing with her husband and son. She performs almost none of the household chores.
 
 
 6
 Coakley worked as a coil fitter for the Ford Motor Company from August 1973 to August 1980, before which she worked as a kitchen aide at a hospital and as a ticket clerk at a church laundry. As a kitchen aide, she lifted less than twenty pounds. The ticket clerk job allowed her to sit or stand and required no lifting. At the hearing, the vocational expert, Dr. Peter Fotiu, told the ALJ that if Coakley could stand for eight hours per day and lift up to twenty pounds, she could return to her jobs as a kitchen aide or ticket taker.
 
 
 7
 The Appeals Council found that Coakley had a severe combination of impairments, but not sufficiently severe to meet or equal the criteria in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. The only work-related activities that her impairments precluded were those involving "greater than light exertion" or "excessive stress." Since Coakley's work as a ticket taker did not require any physical exertion, the Secretary determined that Coakley could perform this past relevant work.
 
 
 8
 Coakley argues that the district court made two errors when it affirmed the denial of benefits on the ground that Coakley could return to work as a ticket taker. First, the ticket taker job was as a volunteer and was not Coakley's ordinary and customary work; therefore, the job is not past relevant work. Second, the ticket taker job was not substantial gainful activity.
 
 II
 
 9
 Under 20 C.F.R. Sec. 404.1520(e), a claimant must prove that her impairments prevent her from doing past relevant work before she is eligible for disability insurance benefits.[2] If a claimant can prove that she cannot perform past relevant work, then the Secretary must proceed, under 20 C.F.R. Sec. 404.1520(f), to Step Five and consider the claimant's residual functional capacity to determine if she can do any other work. The Secretary did not proceed to Step Five in analyzing Coakley's case, relying on his determination that the ticket taker job at the church laundry was past relevant work. Had the Secretary proceeded to Step Five, he would have had to find her disabled. She was of advanced age, was unskilled, had no transferable skills, and had limited education; given these characteristics, the grids dictate a finding of disabled. 20 C.F.R. Part 404, Subpart P, Appendix 2.
 
 
 10
 Coakley argues that the ticket taker job is not past relevant work under Step Four because it was not her usual or main work. Her usual job was with the Ford Motor Company. It is undisputed that Coakley cannot perform her work at Ford. Past work experience is a relevant vocational factor in assessing disability when (1) the work was performed within the past fifteen years, (2) the work lasted long enough for the claimant to learn the job, and (3) the work was substantial gainful activity. 20 C.F.R. Sec. 404.1565(a). The Secretary argues that Coakley clearly performed the laundry job within fifteen years of lodging her claim and that three years is ample time to learn the job. The Secretary disagrees with Coakley, however, over whether the laundry job constituted substantial gainful activity.
 
 
 11
 Coakley told the ALJ at the hearing that she worked in the church laundry for about three years, between 1970 and 1973.[3] The ALJ and Coakley then engaged in this colloquy:
 
 
 12
 Q. This was a non-profit cleaners?
 
 
 13
 A. Yes.
 
 
 14
 Q. I see. Were you paid for this work at the cleaners?
 
 
 15
 A. Well, I was paid sometime.
 
 
 16
 Q. What do you mean sometime?
 
 
 17
 A. Well, like if the owner, I mean not the owner but the pastor he did the pressing and he would have to go out and would have to leave me in charge. Then I would get paid for it but it's mainly through our church.
 
 
 18
 * * *
 
 
 19
 * * *
 
 
 20
 Q. What did you make there on the average? Can you average it out for me and tell me how much you made a week?
 
 
 21
 A. I imagine about 60, 70 dollars a week.
 
 
 22
 The Appeals Council interpreted Coakley's statement that she earned $60 to $70 per week to mean that she regularly earned that amount of money. Extrapolating her salary to $240 to $280 per month, the Appeals Council determined that her employment as a ticket taker constituted substantial gainful activity under 20 C.F.R. Sec. 404.1574(b)(2)(i)[4] and Social Security Ruling 82-62. Coakley argues that this determination is erroneous. We hold that the Appeals Council erred by presuming that Coakley regularly earned $60 to $70 per week, thus bringing her earnings average to "more than $200 a month in calendar years prior to 1976." There is no support in the record for this extrapolation.
 
 
 23
 The ALJ asked Coakley at the hearing "Can you average it out for me and tell me how much you made a week?" Coakley responded "I imagine about 60, 70 dollars a week." Previously, Coakley had told the ALJ that she was paid for her work at the cleaners only "sometime." The earnings record shows that Coakley earned only $216.40 in 1972 and nothing in 1971.
 
 
 24
 The district court did not attach any significance to the low earnings record because, before 1984, work performed for a charitable organization was exempt from the definition of employment for Social Security purposes. 20 C.F.R. Sec. 404.1025(b). Therefore, Coakley's earnings record probably would not reflect wages from the laundry job. Coakley's tax records were not produced at the hearing and are not part of the record; they cannot be used to help determine what her income was during this period. The district court upheld the Secretary's decision, "albeit with some reservations," as being based upon substantial evidence.
 
 
 25
 Coakley argues that the hard factual evidence reflected in the earnings record belies the Appeals Council's conjectural assessment of how gainful her activity at the cleaners was. That she only received $216.40 during her tenure at the laundry is consistent with her claim that the position was generally voluntary. Because there is no substantial evidence that she was paid at a regular, $60 per week rate, there is no substantial evidence that Coakley's past work constituted substantial gainful activity.
 
 
 26
 While we recognize that the "substantial evidence" standard gives considerable latitude to administrative decision makers, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986) (en banc), we are not required "to follow the Appeals Council's decision blindly." Ibid. We hold that the Secretary did not support his decision with substantial evidence.
 
 
 27
 The government failed to adduce any evidence that the church's occasional payments to Coakley were, in fact, a regular income stream. 20 C.F.R. Sec. 404.1025(b) previously excluded work performed for a church from the definition of employment, but that fact is not evidence that Coakley actually earned church wages that were excluded from her Social Security earnings record. The earnings record suggests that Coakley earned nothing more than $216.40 during her tenure at the church. While the burden of proof is on the claimant to show that she cannot perform her past relevant work, see Atterberry v. Secretary of Health and Human Services, 871 F.2d 567, 569 (6th Cir.1989), "once a claimant has presented a prima facie case of total and permanent disability for his usual job the burden shifts to the Secretary to go forward with evidence that the claimant has the residual capacity for substantial gainful activity." Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir.1984).
 
 
 28
 The Secretary may provide evidence that a claimant has "the residual capacity for substantial gainful activity" in one of two ways. The Secretary may show residual functional capacity through the grids, 20 C.F.R. Part 404, Subpart P, Appendix 2; in this case, the Secretary cannot rely on the grids. The second method is to demonstrate that the claimant is capable of performing past relevant work, one of whose characteristics is that it constitutes "substantial gainful activity." 20 C.F.R. Sec. 404.1565(a). In order to show that the church position constituted "substantial gainful activity," the government was obliged to produce some evidence, such as tax documents, indicating that Coakley actually earned the money that the government supposes she might have earned. See Jabbar v. Secretary of Health and Human Services, 855 F.2d 295, 299 (6th Cir.1988).
 
 
 29
 Except for Coakley's response to the ALJ's direct request for her to "average out" her weekly earnings at the church, there is no such evidence. On the other side, there is convincing evidence that Coakley's church job did not provide regular income. Coakley gave undisputed testimony that she was only paid "sometime" and that her pay came "mainly through our church." Furthermore, Coakley completed (under penalty of perjury) forms requesting information on her jobs and income. She did not include income from her church job, although the forms show that roughly contemporaneous employment and wages were correctly disclosed. Those reports were completed in September 1983 and February 1986. At that time, there was no reason for Coakley to believe that the issue of her church wages would be salient. Coakley had no incentive to deceive when she completed those reports and has shown no propensity to dissemble the facts surrounding her work history. Neither the ALJ nor the Appeals Council, in reviewing the ALJ's opinion, made any adverse credibility judgment of Coakley's evidence about her employment record. Since the evidence indicates that Coakley's church laundry job was not "substantial gainful activity" under 20 C.F.R. Sec. 404.1574(b)(2)(i), and since the Secretary has not offered any contrary evidence, there is no basis for using Coakley's experience in the church laundry as a vocational factor for determining disability under 20 C.F.R. Sec. 404.1565(a).
 
 
 30
 For the foregoing reasons, we reverse and remand for an award of benefits.
 
 
 
 [1]
 Coakley previously applied for disability insurance benefits on April 9, 1981. Her application was denied, and she did not seek review of that decision. The Secretary's decision therefore became final, and we lack jurisdiction to review that decision. Califano v. Sanders, 430 U.S. 99 (1977); Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 849 n. 1 (6th Cir.1986)
 
 
 [2]
 This is Step Four of the five-step sequential analysis that the Secretary has promulgated for evaluating disability claims. See Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 687-8 (6th Cir.1985); Farris v. Secretary of Health and Human Services, 773 F.2d 85, 88-9 (6th Cir.1985)
 
 
 [3]
 A psychiatrist who examined Coakley for the Michigan Disability Determination Service, Dr. Gordon Forrer, reported that Coakley told him that she had been a volunteer at the church for two years. The record is unclear as to her exact duration in the church job, but it is clear that all of Coakley's work at the church was performed between 1970 and 1973
 
 
 [4]
 Subsection (b)(2)(i) states: "We will consider that your earnings from your work activities as an employee show that you have engaged in substantial gainful activity if--
 (i) Your earnings averaged more than $200 a month in calendar years prior to 1976; ...."