932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry D. NORMAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-6469.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1991.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Larry Norman appeals the district court's judgment affirming the Secretary's denial of his application for social security disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination pursuant to Fed.R.App.P. 34(a), this panel unanimously agrees that oral argument is not necessary. In addition, counsel for all parties have waived oral argument in this case.
 
 
 3
 Norman filed an application for disability insurance benefits alleging a disability since November 1987 due to an aneurysm. The administrative law judge (ALJ) found Norman was not disabled because he retained the residual functional capacity to perform a significant number of jobs in the national economy. The Appeals Council denied Norman's request for review.
 
 
 4
 Norman filed a complaint seeking judicial review of the Secretary's decision. After a hearing before a magistrate and over Norman's objections, the district court adopted the magistrate's report and recommendation and dismissed the case, finding there was substantial evidence to support the Secretary's decision.
 
 
 5
 Norman has filed a timely appeal, maintaining that the Secretary's decision is not supported by substantial evidence.
 
 
 6
 Upon review, we conclude there is substantial evidence to support the Secretary's decision. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). The ALJ properly discounted Norman's testimony because subjective complaints in the absence of objective medical evidence to support the existence or severity of the alleged symptoms is not a sufficient basis to establish disability. See McCormick v. Secretary of Health and Human Services, 861 F.2d 998, 1003 (6th Cir.1988). Contrary to Norman's allegation, the Secretary properly relied on the medical expert's testimony as to whether his condition met or equalled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 because his opinion was substantially supported by the totality of the evidence. See Atterberry v. Secretary of Health and Human Services, 871 F.2d 567, 570 (6th Cir.1989).
 
 
 7
 The ALJ presented a hypothetical question to a vocational expert (VE) which accurately represented Norman's limitations. See Varley v. Secretary of Health and Human Services, 870 F.2d 777, 780 (6th Cir.1987). The VE's testimony constitutes substantial evidence to support the Secretary's finding that Norman could perform a significant number of jobs in the national economy. Bradford v. Secretary of Health and Human Services, 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 8
 We do not address Norman's argument concerning the Appeals Council's review of the ALJ decision because Norman is raising that issue for the first time in this court. See Brainard, 889 F.2d at 681-682; Yeiter v. Secretary of Health and Human Services, 818 F.2d 8, 11 (6th Cir.1987).
 
 
 9
 Accordingly, we affirm the district court's judgment for the reasons set forth in the magistrate's report and recommendation filed on July 31, 1990, as adopted by the court in its memorandum opinion and order entered on October 2, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation