944 F.2d 904
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roger CROOKS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-2361.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1991.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and JARVIS, District Judge.*
 PER CURIAM.
 
 
 1
 Roger Crooks appeals the decision of the district court, affirming the denial of social security disability benefits. At the time of filing, Crooks was a forty-seven year old man with a tenth grade education and work experience as an appliance and automobile salesman. He claims to have become totally disabled on April 2, 1985; he has not worked since. Crooks contends that the district court erred in rejecting the magistrate's opinion that he be found disabled due to obesity and accompanying hypertension. For the following reasons, we affirm.
 
 
 2
 In order to establish a disability due to obesity, social security regulations require Crooks to show that his weight meets the requirements for his height and that he suffers from one of five additional specific ailments. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 10.10 (1989). Crooks claims that his obesity is accompanied by the additional ailment of hypertension. Id., § 10.10B. Section 10.10B requires:
 
 
 3
 Hypertension and diastolic blood pressure persistently in excess of 100 mm. Hg. measured with appropriate size cuff[.]
 
 
 4
 Though there is some disagreement, the record reflects that Crooks has met the weight requirements of Listing 10.10. The dispute in this case turns on whether Crooks' diastolic blood pressure is "persistently" in excess of 100 mm. Hg.
 
 
 5
 The Secretary determined that Crooks was not disabled. The administrative law judge issued an opinion concluding that Crooks' diastolic blood pressure is not persistently in excess of 100 mm. Hg., and that the local economy provided a significant number of sedentary jobs for which Crooks was qualified. The Appeals Council refused Crooks' request for review because it found the administrative law judge's conclusions to be supported by substantial evidence where only four of twenty four blood pressure readings taken between April 8, 1988 and October 14, 1989 evidenced a diastolic blood pressure in excess of 100 mm. Hg.
 
 
 6
 Crooks then sought review of his claim in the United States District Court for the Eastern District of Michigan. The matter was referred to a magistrate who recommended that Crooks be awarded benefits because the decision of the Secretary was not supported by substantial evidence. The magistrate's recommendation included a conclusion that blood pressure readings of 100 mm. Hg. satisfied the 10.10 requirement of "in excess" of 100. The district court rejected the magistrate's recommendation because it found substantial evidence to support the Secretary's decision.
 
 
 7
 The record before us on appeal indicates 29 blood pressure readings taken on twenty different occasions. Only five readings are in excess of 100. Eight others show diastolic blood pressure of 100, while sixteen readings are below 100. Because we must interpret the regulations before us as they are written, we find that readings of 100 are not "in excess" of 100, and therefore do not meet the requirements of Listing 10.10. Atterberry v. Secretary of Health & Human Services, 871 F.2d 567, 570 (6th Cir.1989). Accordingly, only five of twenty nine readings indicate blood pressure in excess of 100; we conclude such a showing is insufficient to establish blood pressure persistently in excess of 100 mm. Hg. Jacobs v. Secretary of Health & Human Services, No. 87-5348, (6th Cir. Dec. 22, 1987).
 
 
 8
 For the foregoing reasons, we affirm the judgment of the district court because we find that substantial evidence exists to support the Secretary's decision that Crooks is not disabled within the meaning of the Social Security Act.
 
 
 
 *
 The Honorable James H. Jarvis, United States District Judge for the Eastern District of Tennessee, sitting by designation