966 F.2d 1455
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Obbie L. WEST, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-3707.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1992.
 
 Before KEITH and RYAN, Circuit Judge, and KRUPANSKY, Senior Circuit Judge.
 
 ORDER
 
 1
 Obbie West, a social security claimant represented by counsel, appeals a district court order affirming the Secretary's denial of her application for social security disability insurance benefits. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have waived oral argument in this case.
 
 
 2
 West filed her application for benefits on September 10, 1985, alleging a disability beginning March 6, 1985 due to a back problem, carpal tunnel syndrome and asthma. She last met the disability insured status requirements under the Social Security Act on December 31, 1989.
 
 
 3
 An administrative law judge (ALJ) found West not disabled because she retained the residual functional capacity to perform her past relevant work as a medical records binder. The Appeals Council denied West's request for review.
 
 
 4
 West filed a complaint seeking judicial review of the Secretary's decision. A magistrate judge recommended affirming the Secretary's decision. After de novo review, the district court adopted the report and recommendation of the magistrate judge and dismissed the case.
 
 
 5
 West has filed a timely appeal arguing that the Secretary's decision is not supported by substantial evidence because: (1) her medical condition meets the severity criteria under § 1.05(C) of the listing of impairments in 20 C.F.R. Part 404, Subpt. P, App. 1; (2) she is unable to perform her past relevant work; and (3) the Secretary did not adequately develop the record regarding her past relevant work.
 
 
 6
 Upon review, we conclude that there is substantial evidence to support the Secretary's decision. Brainard v. Secretary of Health and Human Services, 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Contrary to West's allegation, the Secretary properly relied on the medical expert's (ME) testimony as to whether her condition met or equalled a listed impairment and the ME's opinion was substantially supported by the evidence. See Atterberry v. Secretary of Health and Human Services, 871 F.2d 567, 570 (6th Cir.1989).
 
 
 7
 There is also substantial evidence to support the Secretary's determination that West could perform her past relevant work as actually performed or as ordinarily required by employers throughout the national economy. See Studaway v. Secretary of Health and Human Services, 815 F.2d 1074, 1076 (6th Cir.1987).
 
 
 8
 We do not address West's argument concerning the ALJ's alleged failure to develop the record adequately regarding her past relevant work because West is raising that issue for the first time in this court. See Brainard, 889 F.2d at 681-82; Yeiter v. Secretary of Health and Human Services, 818 F.2d 8, 11 (6th Cir.1987). Furthermore, this argument is belied by the extensive vocational evidence and VE testimony contained in the record.
 
 
 9
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.