12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert SCHAUF, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-5658.
 United States Court of Appeals, Sixth Circuit.
 Dec. 10, 1993.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges, and BELL, District Judge.*
 
 ORDER
 
 2
 Robert Schauf, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of his applications for disability insurance and supplemental security income benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Schauf filed an application for disability insurance benefits and for supplemental security income benefits alleging a disability since September 27, 1988, due to multiple impairments. He last met the disability insured status requirements under the Social Security Act on June 30, 1991.
 
 
 4
 An ALJ determined that Schauf had the residual functional capacity (RFC) to perform the physical demands of medium work which did not require good or fine vision. He found that any mental impairment would not prevent him from performing all work activity. Relying on the testimony of a vocational expert (VE), the ALJ found that Schauf had the RFC to perform his past relevant work as a janitor, park maintenance person and groundskeeper and that he was, therefore, not disabled.
 
 
 5
 Schauf then filed a complaint seeking judicial review of the Secretary's decision. The district court denied Schauf's motion for summary judgment and dismissed the case.
 
 
 6
 On appeal, we construe Schauf's brief as arguing those claims which he raised in the district court. He argues that the Secretary's decision is not supported by substantial evidence because: (1) the ALJ did not give due deference to Schauf's treating psychologist's opinion; (2) the ALJ failed to consider Schauf's mental impairment and resulting RFC in reaching his decision; (3) the ALJ did not give proper consideration to the VE's testimony; and (4) the ALJ did not consider the evidence as a whole or in combination.
 
 
 7
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Schauf does not have a treating psychiatrist or psychologist per se, and the evidence does not show that he suffers from a disabling mental impairment. Cf. Atterberry v. Secretary of Health and Human Servs., 871 F.2d 567, 571-72 (6th Cir.1989). The VE's testimony was based on a hypothetical question that accurately portrayed Schauf's physical and mental impairments, Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987), and there is no requirement that the ALJ's hypothetical question to the VE reflect the claimant's unsubstantiated complaints. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927-28 (6th Cir.1987) (per curiam).
 
 
 8
 Schauf's argument that the ALJ failed to consider the evidence as a whole or in combination is contrary to what is plainly stated in the ALJ's decision. Cf. Loy v. Secretary of Health and Human Servs., 901 F.2d 1306, 1310 (6th Cir.1990) (per curiam); Gooch v. Secretary of Health and Human Servs., 833 F.2d 589, 592 (6th Cir.1987) (per curiam), cert. denied, 484 U.S. 1075 (1988).
 
 
 9
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert Holmes Bell, U.S. District Judge for the Western District of Michigan, sitting by designation