23 F.3d 406
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Michael E. FITZGERALD, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-4008.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1994.
 
 Before: BOGGS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Michael E. Fitzgerald, a pro se social security claimant, appeals a district court judgment affirming the Secretary's denial of social security disability benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Fitzgerald filed his current application for disability insurance benefits and an application for supplemental security income benefits on November 6, 1987, alleging a disability since December 2, 1984, due to nerves, hypertension, diabetes and obesity. After his applications were denied through the reconsideration level, an administrative hearing was held before an administrative law judge (ALJ) who determined that Fitzgerald was not disabled. The Appeals Council granted Fitzgerald's request for review and remanded the case back to the ALJ for further proceedings. After a supplemental hearing was held, at which time a medical expert (ME) and vocational expert (VE) appeared and testified, the ALJ found that Fitzgerald had the residual functional capacity to perform a significant number of jobs in the economy. Therefore, the ALJ found that Fitzgerald was not disabled. Subsequently, the Appeals Council denied Fitzgerald's request for review.
 
 
 3
 Fitzgerald then sought judicial review of the Secretary's decision. The parties consented to proceed before a magistrate judge who found that there was substantial evidence to support the Secretary's decision denying disability benefits.
 
 
 4
 Although Fitzgerald was represented by counsel in the district court, he is proceeding pro se on appeal. His brief is construed as arguing those claims which he raised in the district court.
 
 
 5
 Upon review, we conclude that there is substantial evidence to support the Secretary's decision denying disability benefits. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam). Fitzgerald's medical condition does not meet or equal the Secretary's listing of impairments in 20 C.F.R. Part 404, Subpt. P, App. 1, a conclusion supported by the ME's testimony at the administrative hearing. The ME's testimony in this regard is substantial evidence to support the Secretary's determination at step three of 20 C.F.R. Secs. 404.1520 and 416.920, because the ME's testimony is supported by the totality of the evidence. See Atterberry v. Secretary of Health and Human Servs., 871 F.2d 567, 570 (6th Cir.1989). The ALJ posed a hypothetical question to the VE which accurately portrayed Fitzgerald's physical and mental impairments and limitations. See Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987). The VE's testimony is substantial evidence to support the Secretary's finding that Fitzgerald is capable of performing a significant number of jobs existing in both the regional and national economies. See Bradford v. Secretary of Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.