52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Billy R. MADDOX, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-3930.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1995.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges, and QUIST, District Judge.*
 
 ORDER
 
 2
 Billy R. Maddox appeals a district court judgment that affirmed the Secretary's denial of his application for social security disability benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Maddox alleged that he became disabled in October of 1989 due to chronic asthma. An Administrative Law Judge ("ALJ") found that Maddox had not worked since October 1, 1989, and that his insured status continued through December 31, 1995. She found that Maddox had severe chronic asthmatic bronchitis which prevented him from performing his past work. However, the ALJ also found that Maddox's condition did not meet or equal any of the impairments that are listed in Appendix 1 to the regulations and that Maddox was not disabled because he could still perform a significant number of light and sedentary jobs. The ALJ's opinion became the final decision of the Secretary on June 24, 1993, when the Appeals Council declined further review. The district court granted the Secretary's motion for summary judgment on July 5, 1993, and it is from this judgment that Maddox now appeals.
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching his conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if this court might have decided the case differently based on substantial evidence to the contrary. Young v. Secretary of Health and Human Servs., 925 F.2d 146, 147 (6th Cir.1990). In the present case, substantial evidence supports the Secretary's finding that Maddox was not disabled.
 
 
 6
 Maddox first argues that his condition is equal or equivalent to the impairment that is described at 20 C.F.R. Part 404, Subpart P, Appendix 1 Sec. 3.03B. That section describes asthma with the following specific symptomatology:
 
 
 7
 Episodes of severe attacks (See 3.00C), in spite of prescribed treatment, occurring at least once every 2 months or on an average of at lest (sic) 6 times a year, and prolonged expiration with wheezing or rhonchi on physical examination between attacks.
 
 
 8
 When Maddox's administrative case was decided, the listing's reference to "severe attacks" was clarified in Sec. 3.00C, which provided in pertinent part as follows:
 
 
 9
 Severe attacks of episodic asthma, as listed in section 3.03B, are defined as prolonged episodes lasting at least several hours, requiring intensive treatment such as intravenous drug administration or inhalation therapy in a hospital or emergency room.
 
 
 10
 20 C.F.R. Part 404, Subpt. P, App. 1 Sec. 3.00C (1993). Maddox had the burden of showing that his condition met or equalled this impairment. See Evans v. Secretary of Health and Human Servs., 820 F.2d 161, 164 (6th Cir.1987) (per curiam).
 
 
 11
 Maddox now argues that Sec. 3.00C has been amended and that the amended section provides more accurate criteria for defining severe episodic asthma. However, the amended section does not apply here because it did not become effective until October 7, 1993, several months after the final administrative decision was reached in this case.
 
 
 12
 Maddox argues that the notes of his treating physician, Dr. Gallagher, document more than six asthma attacks in the twelve month period between October 1991 and October 1992. However, at best, Dr. Gallagher's notes during this period establish only four of the six episodes that are required by Sec. 3.03B. Dr. Gallagher's notes from October 1989 through October 1991 also fail to show that Maddox had six severe asthma attacks within any twelve-month period.
 
 
 13
 Maddox argues that the ALJ did not give sufficient deference to two statements by Dr. Gallagher which indicate that he met the requirements of Sec. 3.03B. However, the Secretary is not bound by a physician's opinion, even that of a treating physician, if there is substantial evidence to the contrary. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam). In the present case, Dr. Gallagher's opinion regarding Sec. 3.03B was not consistent with his own clinical notes. It was also contradicted by a medical examiner ("ME") who testified at Maddox's hearing. The ME's testimony provides substantial evidence to support the ALJ's finding that Maddox did not have a listed impairment despite Dr. Gallagher's suggestion to the contrary. See Atterberry v. Secretary of Health and Human Servs., 871 F.2d 567, 570 (6th Cir.1989). Additionally, at least one consulting physician specifically concluded that Maddox's condition did not meet or equal the listings.
 
 
 14
 Since the ALJ found that Maddox was unable to perform his past relevant work, the burden shifted to the Secretary to show that a significant number of other jobs were available to him despite his impairments. Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir.1990). The ALJ found that Maddox retained the ability to perform a significant range of light work which was limited primarily by his need to avoid exposure to fumes, dust or vapor. This finding is supported by the ME's testimony as well as the residual functional capacity assessments of three separate consulting physicians. In addition, Maddox's own testimony indicates that he can perform the exertional requirements of light work.
 
 
 15
 As Maddox's ability to perform a full range of work was limited by his asthma, the Secretary relied on the testimony of a vocational expert ("VE") regarding the number of light and sedentary jobs that were available to him despite this non-exertional impairment. In response to a hypothetical question, the VE identified more than 78,000 light and sedentary jobs in the state economy and more than 1,546,000 light and sedentary jobs in the national economy that Maddox could perform. These jobs consisted primarily of assembly and inspection jobs in the electronics, semi-conductor and optical industries, and work as a cashier, ticket seller or clerk.
 
 
 16
 Maddox argues that the VE would not guarantee that every position in each of the types of work that he identified would be in an environment that was free from atmospheric contaminants. In particular, Maddox argues that the description of some of these jobs in the Dictionary of Occupational Tiles ("DOT") includes exposure to smoke, dust and fumes. This argument is unavailing because DOT is not the sole authority for defining a claimant's work. See Barker v. Shalala, 40 F.3d 789, 795 (6th Cir.1994). Moreover, the VE testified that his projections were based in large part on his general expertise, rather than on DOT. Finally, it is undisputed that many of the jobs that the VE identified occur in a clean environment. Hence, the VE's testimony satisfies the Secretary's ultimate burden of showing that Maddox was not disabled, as it indicates that a significant number of jobs were still available to him. See Born, 923 F.2d at 1174-75.
 
 
 17
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation