**Arion MCKINNIE, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 01–5217.

United States Court of Appeals, Sixth Circuit.

Nov. 6, 2001.

Before KEITH, BOGGS, and MOORE, Circuit Judges.

## ORDER

Arion McKinnie appeals a district court judgment that affirmed the Commissioner's denial of his applications for social security disability and supplemental security income benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

An Administrative Law Judge ("ALJ") found that McKinnie had "severe avascular necrosis of the left femoral head and [a] history of alcohol abuse," even though his condition was not equivalent to any of the impairments that are listed in Appendix 1 of the regulations. The ALJ also found that McKinnie could no longer perform his past relevant work. These findings are not in dispute. However, the ALJ also found that McKinnie could still perform a wide range of sedentary work. Thus, he relied on the medical-vocational guidelines ("grids") that are found in Appendix 2 of the regulations and determined that McKinnie was not disabled because a significant number of sedentary jobs were available to him. *See* 20 C.F.R. pt. 404, sbpt. P, app. 2, Rule 201.21. This opinion became the final decision of the Commissioner on July 2, 1999, when the Appeals Council declined further review.

The district court affirmed the Commissioner's decision, and dismissed McKinnie's case on September 27, 2000. It is from this judgment that he now appeals.

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Sub-

stantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on evidence to the contrary. *See Her v. Commissioner of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.1999).

The Commissioner now argues that the ALJ relied on the written report of a state vocational specialist to find that a significant number of sedentary jobs were still available to McKinnie. However, the ALJ did not pose a proper hypothetical question to the vocational specialist and the specialist did not testify at the administrative hearing. Furthermore, the ALJ's decision mentions the specialist's report only briefly. Under these circumstances, we conclude that the ALJ relied exclusively on the grids in finding that McKinnie was not disabled.

Since McKinnie could not perform his past work, the burden shifted to the Commissioner to show that a significant number of other jobs were available to him. The ALJ met this burden by relying on Rule 201.21 of the grids, which indicates that a significant number of sedentary jobs are available to someone of McKinnie's age, education and vocational background.

McKinnie generally argues that the record does not contain substantial support for the ALJ's finding that he could still perform the exertional requirements of a wide range of sedentary work. *See* 20 C.F.R. §§ 404.1567(a) *and* 416.967(a) (1997). However, the ALJ's finding that McKinnie retained the ability to perform this type of work is amply supported by the examining report of Dr. Lyerly, which provides in pertinent part as follows:

This patient has no limits with sitting but standing is very markedly limited, probably to stand no more than one to two hours per day, walking at most one to two hours per day, lifting limits of probably 15 pounds based on complaints of his left hip with total head avascular necrosis of his femoral head. Carrying—he can carry at most probably 5–10 pounds and can handle object[s] quite well with his hands. He can hear, see and speak quite satisfactorily. I think he would have some difficulty in traveling because of the pain in his left hip. . . .

It is also supported by a residual functional capacity assessment that was prepared by Dr. Mills, which plainly indicates that McKinnie is still able to perform a full range of sedentary work. *See Hardaway v. Secretary of Health and Human Servs.*, 823 F.2d 922, 927 (6th Cir.1987).

Citing Social Security Ruling 96–9p, McKinnie apparently argues that he cannot perform a wide range of sedentary work because he is completely unable to stoop. However, McKinnie has not met his burden of showing that he is impaired to this degree. *See Her*, 203 F.3d at 391–92. In this regard, McKinnie apparently argues only that the ALJ should have credited a statement that McKinnie himself had made in 1997, which indicated that he had to quit a job as a brick mason because he "could not stoop." This argument is of no help to McKinnie as masonry work requires more than occasional stooping. *See Dictionary of Occupational Titles*, 861.381–018. Therefore, McKinnie has not met his burden of showing that he could not perform occasional stooping, and the ability to perform only occasional

stooping does not preclude a wide range of sedentary work.

Again citing Ruling 96–9p, McKinnie argues that he cannot perform a wide range of sedentary work because Dr. Lyerly observed that he had difficulty in maintaining his balance. However, Dr. Lyerly's observation was made while McKinnie was walking on his heels and toes. Thus, McKinnie's case is distinguishable from the cited Ruling, which describes an individual who is limited in balancing even when standing or walking on level terrain. The ALJ's finding that McKinnie could balance occasionally is also directly supported by Dr. Mills's residual functional capacity assessment. *See Hardaway*, 823 F.2d at 927.

McKinnie did not carry his burden of showing that his impairments preclude a wide range of sedentary work. *See Her*, 203 F.3d at 391–92. Thus, the ALJ properly relied on the grids to establish that he was not disabled because a significant number of sedentary jobs were still available to him. *See Atterberry v. Secretary of Health and Human Servs.*, 871 F.2d 567, 572 (6th Cir.1989); *Mullins v. Secretary of Health and Human Servs.*, 836 F.2d 980, 985 & n. 9 (6th Cir.1987).

Accordingly, the district court's judgment is affirmed.