Michael HOSKINS, Plaintiff–Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.

No. 03–6267.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2004.

---

James P. Benassi, Morgan, Madden, Brashear & Collins, London, KY, for Plaintiff–Appellant.

John S. Osborn, III, Asst. U.S. Attorney, Jane D. Samuel, Lexington, KY, Laurie G. Remter, Dennis R. Williams, Mary Ann Sloan, John C. Stoner, Beverly E. Williams, Atlanta, GA, for Defendant–Appellee.

Before BOGGS, Chief Judge; DAUGHTREY, Circuit Judge; and WISEMAN, District Judge.*

### ORDER

Michael Hoskins, who is represented by counsel, appeals a district court judgment affirming the Commissioner's denial of his application for social security disability insurance benefits. The parties have waived oral argument and the panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

* The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

Hoskins filed an application for social security disability insurance benefits on August 25, 2000. Hoskins was born on December 28, 1960, and has a tenth grade education. He previously worked as an underground coal miner. Hoskins was allegedly disabled due to a left knee injury, arthritis, impaired breathing, and pain in the knees, back, right shoulder, hands, and feet.

After a hearing, an administrative law judge (ALJ) found that Hoskins could perform a substantial number of jobs in the national economy. Therefore, the ALJ denied benefits. The Appeals Council declined to review the ALJ's decision. Hoskins then filed a civil action seeking judicial review of the Commissioner's decision. The district court affirmed the denial of benefits and granted judgment to the Commissioner.

The court's review is limited to whether there is substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997). The court must affirm the ALJ's decision if his findings and inferences are reasonably drawn from the record or supported by substantial evidence even if that evidence could support a contrary decision. *Id.*

■ Hoskins objects to the ALJ's reliance on the opinions of Drs. Primm, Goodman, and Sheridan because these physicians examined him in connection with his workers compensation claim against his prior employer. Hoskins maintains that the social security regulations prohibit reliance on a physician used in a workers compensation claim. He cites 20 C.F.R. §§ 404.1517 and 404.1519 to support his argument. Hoskins asserts that any physician used as a consulting physician must be hired by the agency and cannot have previously represented an interest adverse to the claimant.

Hoskins's interpretation of § 404.1517 and § 404.1519 is incorrect. The regulations refer to situations in which the social security administration purchases or hires a consultative examination or test from a medical source for further development of the record. In certain situations, the regulations allow a claimant to object to a medical source that the social security administration designates to perform the consultative examination. *See* 20 C.F.R. § 404.1419j. If there is good reason for the objection, the agency may reschedule the examination with another medical source. *Id.* However, the regulations are not applicable in this case because the social security administration did not hire Drs. Primm, Goodman, and Sheridan to conduct consultative examinations or to provide medical opinions as to Hoskins's condition. The medical reports from the workers compensation physicians were in existence at the time the ALJ requested medical evidence from Hoskins's attorney. The ALJ merely asked Hoskins's attorney to submit copies of the medical reports for consideration. The regulations do not prohibit the ALJ from using medical opinions from workers compensation physicians if their opinions are relevant and supported by objective medical evidence. *See* 20 C.F.R. §§ 404.1417, 404.1519.

■ Hoskins contends that the ALJ erred in rejecting the opinions of treating physicians, Sweeney and Templin. Contrary to Hoskins's argument, Dr. Templin is not a treating physician. A treating physician is a doctor who has provided medical treatment or evaluation and who has provided an ongoing treatment relationship with the claimant. *See* 20 C.F.R. § 404.1502. Dr. Templin examined Hoskins on only one occasion. As Dr. Templin examined Hoskins on only one occasion, he

is not a treating physician for the purposes of the regulations. Therefore, his opinion would not be entitled to the deference afforded a treating physician. *Atterberry v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 572 (6th Cir.1989).

■ Hoskins's argument that the ALJ accepted the opinions of Drs. Primm, Goodman, and Sheridan over the opinion of Dr. Templin is without merit. The ALJ incorporated most of Dr. Templin's findings into his residual functional capacity finding and hypothetical question to the vocational expert. Dr. Templin felt that Hoskins was unable to lift more than forty pounds from the waist and twenty pounds from floor level. Dr. Templin believed that Hoskins should avoid standing and walking for periods greater than thirty minutes at a time or two hours in an eight hour day. Dr. Templin also felt that Hoskins was unable to stoop, crouch, kneel, squat, climb, or perform activities which require a repetitive or extensive use of his right arm for pushing, pulling, lifting, twisting, turning, or working above the shoulder level. The ALJ accorded substantial weight to Dr. Templin's findings by including the majority of his findings in his residual functional capacity assessment. The ALJ excluded Dr. Templin's findings regarding the restriction that Hoskins was unable to work in cold, damp environments; or engage in activities requiring stooping, crouching, kneeling, squatting, or climbing; or activities requiring repetitive or extensive use of the right arm for pushing, pulling, lifting, twisting, or turning. The ALJ based the rejection of this portion of Dr. Templin's opinion as these conclusions were not supported by the record. Because Dr. Templin was a one-time examining doctor, the rejection of a portion of Dr. Templin's opinion was not reversible error.

Hoskins contends that the ALJ rejected the opinion of Dr. Sweeney. To the contrary, the ALJ accorded substantial weight to Dr. Sweeney's findings that Hoskins had instability, swelling, tenderness, and pain in the knees which limited Hoskins to jobs requiring mostly sitting or limited standing and walking.

Hoskins also contends that there are significant defects in the workers compensation reports. However, Hoskins does not identify or explain these alleged defects.

Hoskins also contends that the ALJ improperly considered the opinions of the state agency's physicians. He asserts that the ALJ gave preference to the opinions of the state agency physicians over the opinions of his treating physicians. Contrary to Hoskins's argument, the ALJ only adopted those findings of the state agency physicians that he found were supported by the record. State agency medical consultants are considered experts and their opinions may be entitled to greater weight if their opinions are supported by the evidence. 20 C.F.R. § 404.1527(f)(2)(i). The ALJ noted that evidence submitted after the state agency's physicians' assessments showed Hoskins's exertional limitations were more limited than suggested by the state agency. As such, the ALJ rejected portions of the opinions as not supported by the evidence.

■ Hoskins argues that the ALJ erred in concluding that his testimony was not credible. Credibility determinations rest with the ALJ. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir.1987). As the medical evidence does not support Hoskins's assertion that he is disabled due to pain, the ALJ did not commit reversible error in rejecting Hoskins's testimony.

Accordingly, we affirm the district court's judgment.