956 F.2d 270
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman TACKETT, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 91-3312.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1992.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant Norman Tackett appeals from the district court order affirming the Secretary of Health and Human Services' determination that he was not disabled and, therefore, not entitled to disability insurance benefits.
 
 I.
 
 2
 Claimant Norman Tackett filed an application for supplemental security income benefits on November 1, 1987, alleging that he had been disabled due to arthritis, high blood pressure, a back impairment, and emphysema. His application was denied initially on April 21, 1988, and again after reconsideration on June 9, 1988. On February 2, 1989, a hearing was held before an Administrative Law Judge ("ALJ").[1] On April 27, 1989, the ALJ issued a decision that claimant was not disabled because he was capable of performing a full range of medium work. The Appeals Council denied review and this decision became the final decision of the Secretary.
 
 
 3
 Claimant commenced an action for judicial review in the United States District Court for the Northern District of Ohio. The case was referred to a United States Magistrate, who prepared a report and recommendation upholding the denial of benefits. The district court adopted the magistrate's recommendation and on February 14, 1991, issued an order affirming the Secretary's denial of benefits. Claimant timely filed this appeal.
 
 II.
 
 4
 This court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. § 405(g), which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining whether the Secretary's findings are supported by substantial evidence, we must examine the evidence in the record "taken as a whole," Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam).
 
 
 5
 The claimant has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability as defined in 42 U.S.C. § 423(d). If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied. 20 C.F.R. § 416.920(b). If the claimant is not found to have an impairment which significantly limits his or her ability to work (a severe impairment), then he or she is not disabled. 20 C.F.R. § 406.920(c). Since the ALJ found that Tackett had not worked since he filed his application for disability benefits on April 10, 1987 and he suffered from a severe impairment, further inquiry was necessary. If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the listed impairments. In such a case, assuming the individual has previously worked, the Secretary must next decide whether the claimant can return to the job he or she previously held. 20 C.F.R. § 416.920(e). By showing "a medical basis for an impairment that prevents him from engaging in his particular occupation," the claimant establishes a prima facie case of disability. Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978). In the instant case, the ALJ found that Tackett was not capable of returning to his particular occupation.
 
 
 6
 At this step in the analysis, it becomes the Secretary's burden to establish the claimant's ability to work. Allen, 613 F.2d at 145. The Secretary must prove that, taking into consideration present job qualifications such as age, experience, education, and physical capacity, and the existence of jobs to match those qualifications, the claimant retains the capacity to perform a different kind of job. 20 C.F.R. § 416.920(f)(1); Heckler v. Campbell, 461 U.S. 458, 460 (1983). The Secretary's burden can, on occasion, be satisfied by relying on the medical-vocational guidelines, otherwise known as the "grid." Kirk, 667 F.2d at 528-29. See 20 C.F.R. Pt. 404, Subpt. P, App. 2. In the instant case, the ALJ found that claimant retained the residual functional capacity to perform a full range of medium work, that he was "closely approaching advanced age," completed the seventh grade and thus had a "limited education," and that his previous work experience was unskilled. Accordingly, the ALJ found that the grid directs a conclusion that considering claimant's residual functional capacity, age, education, and work experience he is not disabled. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 203.18.
 
 
 7
 Claimant first argues that the ALJ erred in rejecting his treating physician's assessment of his physical condition, instead basing its disability determination on the diagnosis of the physician appointed to review this case. Claimant essentially contends that the assessment by his treating physician, Dr. Hobe, should have been conclusive, because he was the only treating physician to perform a residual functional capacity test.
 
 
 8
 While it is true that the medical diagnosis and opinions of a treating physician are generally accorded substantial deference, and are to be given greater weight than an opinion by a physician who treats the claimant only once, the Secretary is not bound by the treating physician's opinion where there is substantial evidence to the contrary or the treating physician's opinion is not supported by sufficient medical data. Loy v. Secretary of Health & Human Services, 901 F.2d 1306, 1308 (6th Cir.1990); Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985).
 
 
 9
 In his findings, the ALJ concluded that the medical findings did not support the claimant's assertion of disability nor the treating physician's conclusion that claimant was disabled. Specifically, he found that there is only minor limitation of motion and there were no findings of radiculopathy. Furthermore, he found that the record does not show any muscle spasm, muscle weakness, atrophy, sensory deficits, or reflex loss. Therefore, there was no objective medical data to support the treating physician's conclusion that claimant was disabled.
 
 
 10
 We agree that there is substantial evidence to support the Secretary's determination that the medical evidence concerning claimant's underlying condition does not corroborate the treating physician's conclusory statement that claimant was disabled. Although Dr. Hobe, in a letter dated June 8, 1988, briefly stated that claimant experienced shortness of breath, expiratory wheezing, and swollen feet when examined the previous day, he qualified his diagnosis by stating he felt "he had developed a disabling condition unless we can help him with his respiratory problem." There was no other medical evidence to support this respiratory condition, or to show that it was not treatable.
 
 
 11
 In light of the complete lack of clinical data to support the treating physician's assessment, the ALJ was justified in relying on evidence to the contrary. Loy, 901 F.2d at 1308. This included evidence that the claimant has not had a myelogram or CT scan and there is no evidence of a herniated disc. In fact, Dr. Hobe termed the degenerative change in claimant's lumbar region as "moderate." In addition, x-rays of claimant's right elbow showed only minimal lipping on the olecranon process. Furthermore, heart catheterization revealed that claimant did not have arteriosclerosis, but only a mild mitral valve prolapse. This finding was subsequently confirmed by echocardiogram. Finally, Dr. Gilliam, the medical advisor, characterized the pulmonary function studies as demonstrating only mild obstructive and restrictive pulmonary disease. Given the absence of any objective clinical data to support the treating physician's conclusion, the non-treating physician's assessments were substantial evidence in support of the Secretary's determination. Atterberry v. Secretary of Health & Human Services, 871 F.2d 567, 570 (6th Cir.1989).
 
 III.
 
 12
 Claimant next argues that the Secretary gave insufficient weight to the residual functional capacity evaluation conducted by Dr. Hobe. In his evaluation, Dr. Hobe felt that claimant was unable to do any standing, walking or lifting and can sit for only four hours during an eight hour work day. Thus, he opined that claimant is incapable of performing medium or light work.
 
 
 13
 In concluding that claimant could perform medium work, the ALJ rejected Dr. Hobe's opinion because restrictions in the claimant's residual functional capacity ("RFC") must be consistent with the nature and extent of the claimant's impairments, as documented by the results of medically acceptable clinical and laboratory techniques. Because the treating physician's RFC evaluation was not supported by objective medical data, we believe that the ALJ was justified in placing his reliance on other evidence. Harris, 756 F.2d at 435. In the present case, RFC evaluations were performed by Drs. Arnold and Jones, both of whom concluded that claimant was capable of performing medium work. In addition, the clinical evaluations of Dr. Gilliam support the ALJ's finding that claimant could perform medium work. Dr. Gilliam observed that claimant has nearly a full range of motion, was able to walk with little difficulty, and was able to squat fully.
 
 
 14
 Because the objective clinical data does not support Dr. Hobe's RFC evaluation, it was appropriately given little weight by the Secretary. There thus was substantial evidence to support the conclusion that claimant was capable of performing medium work.
 
 IV.
 
 15
 Lastly, claimant argues that should this court remand this case for reconsideration of claimant's RFC, we should order psychological testing to determine both claimant's IQ and whether he is functionally illiterate. Because we hold that the Secretary's RFC determination was proper, and remand is not necessary, we need not address the propriety of ordering psychological testing.
 
 V.
 
 16
 For the foregoing reasons, we AFFIRM the Secretary's determination denying benefits.
 
 
 
 [1]
 Tackett previously applied for supplemental security income benefits based on disability on April 10, 1987. This application was denied on August 19, 1987, and the claimant did not request reconsideration