961 F.2d 1578
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martha A. PHELPS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 91-3801.
 United States Court of Appeals, Sixth Circuit.
 May 4, 1992.
 
 Before BOYCE F. MARTIN, Jr. and RYAN, Circuit Judges, and WILHOIT, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Plaintiff Martha Phelps appeals the order of the district court affirming the Secretary's termination of disability insurance benefits. Phelps raises four issues on appeal:
 
 
 2
 1. Whether the Appeals Council used the wrong standard in evaluating Phelps' request for a review of the ALJ's decision terminating her benefits.
 
 
 3
 2. Whether substantial evidence supported the ALJ's decision that Phelps' was not disabled from light work.
 
 
 4
 3. Whether the ALJ erred by relying on the allegedly erroneous testimony of a vocational expert.
 
 
 5
 4. Whether the ALJ erred by relying on a vocational expert's testimony that did not apply Phelps' respiratory restrictions when determining the range of jobs available to Phelps.
 
 
 6
 After carefully examining the record, we are satisfied that the ALJ's conclusions are supported by substantial evidence. Therefore, we affirm the district court's judgment.
 
 I.
 
 7
 In 1975, the Social Security Administration (SSA) determined that Phelps was entitled to disability insurance benefits due to tuberculosis. In 1981, SSA determined that Phelps was no longer disabled and terminated her benefits. In 1984, Phelps filed a new application, alleging that she had been disabled since 1981 due to respiratory and back problems. The SSA denied this request, but an ALJ later reinstated her benefits, finding that she was a member of a class--the Holden class--that entitled her to have her previous termination determination reviewed under a revised standard.
 
 
 8
 Upon review in 1987, SSA again found that Phelps was not disabled. In 1988, the Appeals Council reversed this determination and remanded the case to a new ALJ for a new determination. In 1989, the second ALJ found that Phelps' disability ended in June 1981 because from that date onward, she was able to perform light and sedentary work. The Appeals Council denied review and, in May 1990, Phelps filed a complaint in the district court seeking review of the Secretary's final decision. In June 1991, the district court affirmed the Secretary's decision. Phelps timely appeals.
 
 II.
 A.
 
 9
 This court reviews the final decision of the Secretary to determine whether it is supported by substantial evidence. 42 U.S.C. § 405(g). In a termination of benefits case, we determine whether substantial evidence demonstrates that there has been medical improvement in the individual's impairment and that the individual is now able to engage in substantial gainful activity. 42 U.S.C. § 423(f)(1) (1988). Substantial evidence is evidence that a reasonable mind could accept as adequate to support the challenged conclusion, even if that evidence could support a decision the other way. Smith v. Secretary of Health & Human Services, 893 F.2d 106, 108 (6th Cir.1989).
 
 
 10
 42 U.S.C. § 423(f) establishes the standard of review for termination of disability benefits, and the regulations promulgated pursuant to this statute set forth eight evaluative steps to be used in determining if an individual is still disabled. The steps relevant to this case are:
 
 
 11
 (7) If your impairment(s) is severe, we will assess your current ability to engage in substantial gainful activity in accordance with § 404.1561. That is, we will assess your residual functional capacity based on all your current impairments and consider whether you can still do work you have done in the past. If you can do such work, disability will be found to have ended.
 
 
 12
 (8) If you are not able to do work you have done in the past, we will consider one final step. Given the residual functional capacity assessment and considering your age, education, and past work experience, can you do other work? If you can, disability will be found to have ended. If you cannot, disability will be found to continue.
 
 
 13
 20 C.F.R. § 404.1594(f).
 
 B.
 
 14
 Phelps' first argument disputes the legal basis of the Appeals Council's action. Phelps asserts that the Appeals Council used the wrong standard when it decided not to review ALJ Jonas' decision. Phelps' argument misreads the law governing review. This court reviews the final decision of the Secretary. 42 U.S.C. § 405(g). When the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Secretary. Wilkins v. Secretary of Health & Human Services, 953 F.2d 93, 96 (4th Cir.1991) (en banc); 20 C.F.R. § 404.955 (1991). Thus, we review the ALJ's decision, not an Appeals Council's denial of review.
 
 C.
 
 15
 Phelps argues second that substantial evidence does not support the ALJ's conclusion that she is able to perform light work. Step seven of the sequential analysis noted above requires an ALJ to determine a claimant's residual functional capacity. In this case, the ALJ found that Phelps has the residual functional capacity to perform light and sedentary work. Substantial evidence supports this conclusion. Phelps' activities, while not strenuous, indicate that she is not disabled: she drives a car, goes shopping, and does cleaning. An ALJ may consider activities when evaluating claims of disabling pain. Blacha v. Secretary of Health & Human Services, 927 F.2d 228, 231 (6th Cir.1991).
 
 
 16
 Objective medical findings demonstrate that Phelps is not disabled. Numerous studies revealed that her restrictive pulmonary condition was moderate and not severe, that she no longer exhibits any signs of tuberculosis, and that her pulmonary exercise is otherwise normal. Several tests and examinations demonstrated that her back problem is not disabling. No physician has ever reported muscle atrophy which is typically associated with severe pain. Blacha, 927 F.2d at 231. No test has definitely revealed a spinal problem: while a 1981 CT scan noted a "question" of herniated disk, a 1986 x-ray revealed a "normal lumbar spine."
 
 
 17
 The opinions of the Secretary's physicians further demonstrate that she is not disabled. Dr. Fritzhand examined Phelps twice, in 1981 and 1986, and reported that she was comfortable sitting, walked with a normal gait, and had no muscle atrophy. The Secretary's medical adviser, Dr. Huller, concluded that Phelps' pulmonary condition allowed her to do light work, and that her asserted disk problem was not substantiated by clinical findings. The opinions of a medical advisor who bases his opinion on a review of the objective medical evidence may be considered by the ALJ. Atterberry v. Secretary of Health & Human Services, 871 F.2d 567 (6th Cir.1989).
 
 
 18
 A review of the record reveals that substantial evidence supports the ALJ's assessment that Phelps is not disabled from light and sedentary work.
 
 D.
 
 19
 Phelps argues third that the Secretary's vocational expert misclassified companion positions as sedentary when in reality such positions are light work.
 
 
 20
 Phelps could no longer perform her past work as a nurse's aide. Therefore, step eight of the sequential analysis required the ALJ to determine whether a claimant can perform other work considering her residual functional capacity. 20 C.F.R. § 404.1594(f)(8). The ALJ concluded that there were 15,000 light or sedentary jobs that Phelps could perform.
 
 
 21
 The ALJ paid particular attention to the companion position, which involves sitting with a person who is ill or disabled. The ALJ concluded that Phelps could fill one of the 1400 companion positions available in the Cincinnati area. Regardless of the vocational expert's classification of the companion position, substantial evidence supported the ALJ's conclusion that Phelps was able to perform in companion position. Companion positions are classified as light work, and the ALJ concluded that Phelps was able to perform light work.
 
 E.
 
 22
 Phelps argues fourth that the vocational expert failed to apply environmental restrictions to the sedentary work opportunities.
 
 
 23
 All the assessments of Phelps, even those done by the Secretary's physicians, recommended that she avoid dust and fumes. Phelps correctly notes that the vocational expert did not apply that restriction when the expert considered which sedentary jobs Phelps could perform. Nevertheless, such application was unnecessary. The only sedentary position identified by the expert was the companion position, and companions work in people's homes. Phelps testified that she was able to work in her own home, thus the environmental restrictions would not prevent her from working in other people's homes. Phelps' argument fails.
 
 III.
 
 24
 The decision of the ALJ is supported by substantial evidence. The district court's denial of review of the Secretary's finding is AFFIRMED.
 
 
 
 *
 The Honorable Henry R. Wilhoit, Jr., United States District Judge for the Eastern District of Kentucky, sitting by designation