7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul CONN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-5353.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1993.
 
 Before: KEITH, NELSON and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Paul Conn, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of disability insurance and supplemental security income benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Conn filed his applications for benefits on February 19, 1988, alleging a disability since February 10, 1988, due to a heart condition. He later alleged a disability due to cirrhosis of the liver with back pain, coronary artery disease with hypertension, chronic obstructive pulmonary disease, seizures, glaucoma and Korsakoff's syndrome. He also has a history of alcohol abuse.
 
 
 3
 Conn was born on May 12, 1950, and has the equivalency of a high school education (GED). He has past relevant work experience as a welder, which is heavy work. He last met the disability insured status requirements for purposes of entitlement to disability insurance benefits on June 30, 1993.
 
 
 4
 Following a hearing, an adminstrative law judge (ALJ) determined that Conn was not disabled because he had the residual functional capacity (RFC) to perform work which exists in significant numbers in the national economy. The Appeals Council affirmed the ALJ's decision.
 
 
 5
 Conn then filed a complaint seeking judicial review of the Secretary's decision. The district court found that substantial evidence existed to support the Secretary's decision and granted summary judgment in favor of the Secretary.
 
 
 6
 On appeal, Conn argues that the Secretary's decision is not supported by substantial evidence because: 1) his medical condition meets and/or equals in severity a listed impairment in 20 C.F.R. Part 404, Subpt. P, App. 1; and 2) the ALJ's hypothetical question posed to the vocational expert (VE) does not accurately represent his limitations.
 
 
 7
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989). The evidence does not show that Conn's impairments, when considered individually or in combination, either meet or equal in severity any impairment in the Secretary's listings. See Hale v. Secretary of Health and Human Servs., 816 F.2d 1078, 1083 (6th Cir.1987) (per curiam). Furthermore, the medical expert's opinion that Conn's condition does not meet or equal a listed impairment, constitutes substantial evidence to support the Secretary's determination at the third step in the sequential evaluation under 20 C.F.R. §§ 404.1520 and 416.920. See Atterberry v. Secretary of Health and Human Servs., 871 F.2d 567, 570 (6th Cir.1989).
 
 
 8
 The ALJ considered all of Conn's impairments and posed a hypothetical question to the VE which accurately portrayed his limitations and RFC. See Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987). The VE's testimony constitutes substantial evidence to support the Secretary's finding that Conn could perform a significant number of jobs in the national economy. See Bradford v. Secretary of Dep't of Health and Human Servs., 803 F.2d 871, 874 (6th Cir.1986) (per curiam).
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.