9 F.3d 107
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rosie Mae FLEMING, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-6608.
 United States Court of Appeals, Sixth Circuit.
 Nov. 1, 1993.
 
 Before KEITH, GUY and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Rosie Mae Fleming appeals the denial of her application for supplemental social security income (SSI) benefits. For the reasons that follow, we affirm the denial of benefits.
 
 I.
 
 2
 On February 3, 1989, Plaintiff Fleming filed an application for SSI benefits. Ms. Fleming's application alleged onset of disability as of December 30, 1988, due to leg ulcers. Her application was denied initially and on reconsideration. Pursuant to Ms. Fleming's request, a hearing was held in front of an Administrative Law Judge (ALJ) on December 27, 1989. The ALJ issued a decision dated September 20, 1990, finding that appellant was not entitled to SSI benefits. On June 6, 1991, the Appeals Council denied Ms. Fleming's request for review of the ALJ's decision. The denial was then appealed to federal district court, and the matter was referred to a Magistrate Judge. The Magistrate Judge found that the Secretary's denial of benefits was not supported by substantial evidence, and recommended that the decision be reversed. In a decision issued October 9, 1992, the district court overruled the Magistrate Judge and affirmed the Secretary's denial of benefits.
 
 II.
 
 3
 During the course of her appeals, Ms. Fleming was examined by a number of doctors including Doctor Flanary. Ms. Fleming claims that the district court erred in disregarding the findings of Dr. Flanary because he was the appellant's treating physician. The medical opinion of a treating physician is to be given substantial deference. See King v. Heckler, 742 F.2d 968, 973 (6th Cir.1992). Dr. Flanary, however, "is not a treating physician given the fact that he evaluated [appellant] on only one occasion." Atterberry v. Secretary of Health and Human Servs., 871 F.2d 567, 572 (6th Cir.1989); see also Hurst v. Schweiker, 725 F.2d 53, 55 (6th Cir.1984) (consultative examination done on a one-time basis is not substantial evidence compared to evidence from a treating doctor). Therefore, Dr. Flanary's opinion was not entitled to substantial deference.
 
 
 4
 Ms. Fleming was also examined by Doctor Haimsohn. Doctor Haimsohn performed some clinical testing, having Ms. Fleming sit, stand, and walk. Doctor Haimsohn observed that Ms. Fleming only experienced slight difficulty getting in and out of a chair, on and off a table, and that her gait and stance were otherwise normal. His ultimate conclusion was that her alleged pain was out of proportion to her objective symptoms.
 
 
 5
 We may not make a de novo determination, but must determine whether the Secretary's conclusions are supported by substantial evidence. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). Substantial evidence is relevant evidence such that the reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389 (1971). It is more than a scintilla but less than a preponderance and must be based on the record as a whole. McMillan v. Schweiker, 697 F.2d 215 (6th Cir.1983).
 
 
 6
 Here the clinical examination done by Dr. Haimsohn constitutes substantial evidence to support the Secretary's finding that Ms. Fleming was not disabled.[1]
 
 III.
 
 7
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Since we find that Doctor Haimsohn's conclusions constitute substantial evidence to support the Secretary's findings, we need not address appellant's claim that undue weight was given to the poorly explained directional doppler sonograph performed by Doctor Flinn