64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lois DURRETTE, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 94-3734.
 United States Court of Appeals, Sixth Circuit.
 Aug. 11, 1995.
 
 Before: KEITH and BATCHELDER, Circuit Judges, and DUGGAN, District Judge.*
 BATCHELDER, Circuit Judge.
 
 
 1
 Plaintiff-Appellant, Lois Durrette, appeals the district court's order affirming the determination of the Secretary of Health and Human Services ("Secretary") that she was not disabled and, therefore, not entitled to disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits. For the following reasons, we affirm.
 
 I.
 
 2
 Durrette, now 50 years old, was hospitalized on May 26, 1988, with chest pains and underwent triple bypass surgery the following day. In the subsequent three-year period, she received medication for deep venous thrombosis and required peripheral vascular operations on the right leg. Surgery was also required following a period of intermittent claudication. On June 29, 1988, she filed an application for SSI with the Department of Health and Human Services under Title XVI of the Social Security Act, alleging that she became disabled as of May 27, 1988. The administrative law judge ("ALJ") found that she was not disabled because she retained the ability to perform her past relevant work as a housekeeper.
 
 
 3
 Durrette subsequently filed a civil action in district court. The case was remanded to the Secretary for further administrative proceedings as authorized by 42 U.S.C. Sec. 405(g). Since Durrette had filed a further application for SSI in the intervening period and had been awarded benefits as of April 1, 1991, the only issue before the ALJ on remand was whether Durrette was entitled to SSI from May 27, 1988, to April 1, 1991.
 
 
 4
 Richard Watts, M.D., testified as a medical expert at a second hearing before the ALJ. He concluded, on the basis of a review of the medical record, that Durrette did not meet any of the Listing of Impairments in the Appendix to the Social Security regulations for a consecutive twelve-month period prior to March 1991. He agreed that Durrette would have met the listings for two to three month periods of recovery following each of the surgical procedures and during the period of claudication. He testified that "light work" could have been done by the claimant in the interim periods.
 
 
 5
 The ALJ found that Durrette's allegations of disabling pain and limitation of function prior to March 24, 1991, were not sufficiently supported by substantial evidence and that she was not disabled prior to that date under Sec. 1614(a)(3)(A) of the Social Security Act. On review, the district court found that the Secretary's opinion was supported by substantial evidence in the record and should therefore be upheld. In its opinion, the court rejected the recommendation of the magistrate judge that benefits should be awarded. Durrette filed a timely notice of appeal to this Court.
 
 II.
 
 6
 Judicial review of claims for SSI under Title XVI of the Social Security Act is limited to a determination of whether the findings of fact made by the Secretary are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. 42 U.S.C.A. Sec. 405(g) (West 1995); Richardson v. Perales, 402 U.S. 389, 401 (1971); Walston v. Gardner, 381 F.2d 580, 585 (6th Cir. 1967). "Substantial evidence" means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401, (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).
 
 
 7
 In determining whether the Secretary's factual findings are supported by substantial evidence, the court must examine the record taken as a whole and should take into account "whatever in the record fairly detracts from its weight." Wyatt v. Secretary of Health and Human Servs., 974 F.2d 680, 683 (6th Cir. 1992) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). The reviewing court should not normally substitute its own assessment of credibility for that of the ALJ, because the ALJ has observed the claimant. Gooch v. Secretary of Health and Human Servs., 833 F.2d 589, 592 (6th Cir. 1987), cert. denied, 484 U.S. 1075 (1988). If supported by substantial evidence, the Secretary's decision must be affirmed, even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983) (per curiam), and even if substantial evidence also supports the opposite conclusion. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).
 
 
 8
 To qualify for benefits, the claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical impairment which can be expected to last, or which has lasted, for a continuous period of not less than twelve months. 42 U.S.C.A. Secs. 423(d)(1)(A), 1382(c)(a)(3)(A) (West 1995); Garner v. Heckler, 745 F.2d 383, 386 (6th Cir. 1984). In addition, the claimant must prove that her impairment resulted from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C.A. Sec. 423(d)(3) (West 1995).
 
 
 9
 A sequential evaluation is employed in determining the claimant's entitlement to benefits. 20 C.F.R. Sec. 416.920 (1994); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). In this evaluation, the initial burden of proof is on the claimant to show that a disability either meets the Listings or precludes her from performing her past work. Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). If substantial evidence shows that a claimant can perform her past relevant work, she has failed to establish a prima facie case of disability. Barney v. Secretary of Health and Human Servs., 743 F.2d 448, 449 (6th Cir. 1984). If, however, the ALJ determines that the claimant is incapable of performing past work, the Secretary has the burden of showing that the claimant is capable of performing gainful work in the national economy. Cole v. Secretary of Health and Human Servs., 820 F.2d 768, 771 (6th Cir. 1987).
 
 
 10
 When examining the evidence, the ALJ should give significant weight to the treating physicians' opinions that are based on objective evidence. King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Reports of physicians who have treated the claimant over a long period of time are entitled to greater weight than are reports of physicians employed by the government for the purpose of defending against a claim of disability. Allen, 613 F.2d at 145. However, the treating physician's opinion is entitled to great weight only if it is supported by adequate medical data and does not conflict with substantial evidence to the contrary. 20 C.F.R. Sec. 416.927(d)(3), (4) (1994); Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir. 1987); Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir. 1984). It is the role of the ALJ and not the treating physician to make the legal determination of disability based on the Secretary's regulations. Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 855 (6th Cir.1986). The ALJ, therefore, is not bound by a conclusory statement of the treating physician regarding the claimant's disability, King, 742 F.2d at 973, particularly when the statement lacks medical support. Halsey v. Richardson, 441 F.2d 1230, 1235 (6th Cir. 1971). In contrast, the opinion of a board-certified medical advisor, when consistent with the record, represents substantial evidence to support the ALJ's determination. Atterberry v. Secretary of Health and Human Servs., 871 F.2d 567, 570 (6th Cir. 1989).
 
 
 11
 In this case, Durrette argues that she was not capable of performing her past relevant work as a housekeeper because of pain and swelling in her legs, and that it was the Secretary's burden to demonstrate the existence of available employment compatible with her disability. We conclude that Durrette has failed to establish a prima facie case of disability. Although Durrette's treating physician, Dr. Billy Brown, concluded in a brief letter that Durrette was not a candidate for gainful employment, he provided no supporting medical documentation with his letter. Moreover, Dr. Brown had only been treating Durrette for about two months when he made his recommendation on February 23, 1990. On three occasions, Durrette's record was reviewed at the request of the Social Security Administration and on each occasion the reviewing doctor recommended a restriction to "light work." "Light work" is defined as involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. Sec. 416.967(b) (1994). The category also encompasses "a good deal of walking or standing." Id. Durrette stated that her past relevant work as a housekeeper required her to lift weights of up to ten pounds and stand or walk for the majority of the day, which would meet the requirements of "light work."
 
 
 12
 The ALJ could properly conclude that the opinions of the three reviewing doctors should be accorded greater weight than that of Dr. Brown since his cursory conclusion was not supported by objective evidence in the record. Therefore, the record does not contain substantial evidence to controvert the conclusion of Dr. Watts, the medical expert who testified at the second hearing before the ALJ, the Durrette was capable of "light work."
 
 
 13
 Pain by itself, if the result of a medical impairment, may be severe enough to constitute a disability, Kirk, 667 F.2d at 538, but a claimant's allegations of pain must be consistent with the objective findings of record to establish disability. 20 C.F.R. Sec. 416.929(a) (1994). Although credibility determinations regarding a claimant's subjective complaints are the responsibility of the ALJ, Siterlet v. Secretary of Health and Human Servs., 823 F.2d 918, 920 (6th Cir. 1987) (per curiam), the ALJ may not discount the claimant's subjective complaints of pain where uncontroverted evidence on the record corroborates the plaintiff's assertions. Harris v. Heckler, 756 F.2d 431, 436 (6th Cir. 1985).
 
 
 14
 Durrette contends that she was unable to resume her past prior work as a housekeeper due to leg pains. She testified that she needed to rest after standing and walking to alleviate swelling in her legs. The medical record, however, although providing evidence of intermittent periods of disability, does not contain uncontroverted evidence of a long-term disabling pain or incapacity and the ALJ could properly determine that less weight should be accorded to Durrette's testimony than to the objective medical evidence in the record.
 
 
 15
 The ALJ may, as a matter of law, consider household and social activities in evaluating the extent of the pain. 20 C.F.R. Sec. 404.1529(c)(3) (1994); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir. 1990) (per curiam). Although Durrette testified that she was only capable of light household chores, the ALJ concluded that many of Durrette's limitations were self-imposed. These findings of the ALJ are supported by substantial evidence.
 
 III.
 
 16
 Because the findings of the Secretary are supported by substantial evidence and the Secretary employed the proper legal standards in reaching her conclusion, the judgment of the district court upholding the denial of benefits for the period from May 27, 1988, to April 1, 1991, is AFFIRMED.
 
 
 17
 Circuit Judge Keith dissents from the majority opinion.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation