70 F.3d 1271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wilma J. DILBONE, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY,[1] Defendant-Appellee.
 No. 94-4136.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1995.
 
 Before: MARTIN and BATCHELDER, Circuit Judges, and COOK, District Judge.[2]
 PER CURIAM.
 
 
 1
 On March 22, 1990, Wilma Dilbone, then fifty-nine years old, filed an application for supplemental security income benefits, alleging that she was unable to perform any type of substantial gainful employment due to numbness in her hands and feet and a nervous condition. Her claim was denied both initially and upon reconsideration. On June 4, 1991, a hearing was held before an administrative law judge. At the hearing, Dilbone was represented by counsel. Also present were the Commissioner's medical advisor, Joel Steinberg, M.D., a board-certified psychiatrist and internist, and Rodney Durgin, a vocational expert. On November 26, 1991, the administrative law judge denied Dilbone's application. The administrative law judge found, despite Dilbone's claims and evidence that she suffered from severe depression and schizotypal personality disorder, that she retained the ability to perform her past work as a deli worker. The administrative law judge concluded that she was not disabled under the statute and regulations. 42 U.S.C. Sec. 1382c(3)(A) (1988), amended by Pub.L.No. 103-296, Secs. 107(a), 110(a), 108 Stat. 1478, 1490 (eff. March 31, 1995)[3]; 20 C.F.R. Sec. 416.920(e) (1994).
 
 
 2
 Dilbone sought judicial review. Dilbone and the Commissioner filed cross-motions for summary judgment. On June 29, 1993, the district court granted Dilbone's motion, holding that the administrative law judge's decision was not supported by substantial evidence. The Commissioner filed a motion for reconsideration of the judgment, and the district court held, contrary to its prior opinion, that the Commissioner's decision was supported by substantial evidence. This timely appeal followed.
 
 
 3
 Dilbone raises two specific issues on appeal. Her first claim is that the Commissioner erred in failing to find that she suffers from a combination of psychological impairments of sufficient severity to meet or equal the impairments listed in subsections 12.04 ("Affective Disorders") and 12.08 ("Personality Disorders") of 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. Sec. 416.920(d) (stating that if the individual has an impairment meeting the duration requirement and if it is listed in Appendix 1, or is equal to a listed impairment, then the applicant is disabled). Dilbone also claims that, even if she is not sufficiently impaired to be considered presumptively disabled under subsections 12.04 and 12.08, the Commissioner erred by finding that she retained the residual functional capacity to perform a substantial gainful occupation existing in significant numbers in the national or regional economy. See 42 U.S.C. Sec. 1382c(3)(B)[4]; 20 C.F.R. Sec. 416.945.
 
 
 4
 This Court reviews the decision of the Commissioner to determine whether its findings of fact are supported by substantial evidence and whether the Commissioner employed the proper legal standards. 42 U.S.C. Sec. 405(g) (1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); Young v. Secretary of Health and Human Servs., 925 F.2d 146, 147 (6th Cir.1990). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983). On appeal, our review is not de novo, and we do not resolve conflicts in the evidence or make credibility determinations. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). Instead, if we find that there is substantial evidence based on the record as a whole to support the findings of the Commissioner and its conclusions, we must uphold that decision.
 
 
 5
 In her application, Dilbone complained of numbness in her hands and feet, and stated that if she were to stand for too long she would "pass out." The administrative law judge found that the evidence did not show a physical impairment. The administrative law judge discredited the pertinent information on the medical form Dilbone's physician, Dr. Munir Ahmad, provided as his medical statement to the administrative law judge. Dr. Ahmad checked the box on the form that Dilbone was unemployable. The administrative law judge discredited this representation because Dr. Ahmad did not offer a diagnosis that supported his conclusion that she was unemployable. Furthermore, Dr. Ahmad did not note any restrictions in the place on the form where "Standing/Walking" restrictions were to be listed. Dilbone was also examined by three mental health professionals, none of whom was treating Dilbone, and her records were reviewed by the Commissioner's medical advisor, Dr. Joel Steinberg. Dr. Steinberg's description of Dilbone's condition was the least favorable to Dilbone. The administrative law judge, however, credited Steinberg's assessment that Dilbone's depression was not severe enough to render her presumptively disabled and that her functional limitations were slight to moderate. The testimony of a board-certified medical advisor can provide substantial evidence to support a finding. Atterberry v. Secretary of Health and Human Servs., 871 F.2d 567, 570 (6th Cir.1989) (stating that the opinion of a board-certified medical advisor, when consistent with the record, represents substantial evidence to support the administrative law judge's decision). In this case, Dilbone was not being treated by any mental health professional, and the conclusions of Drs. Mann and Praul, psychologists who also examined Dilbone, differed in their assessments regarding whether Dilbone was presumptively disabled, and in their diagnoses. Dr. Mann concluded that Dilbone suffered from an adjustment disorder with a depressed mood. Dr. Mann opined that Dilbone was able to follow instructions, grasp new ideas, reason abstractly, and was able to do many activities such as caring for her mother, shopping, and babysitting. Dr. Steinberg's opinion was consistent with the findings of Dr. Mann, and the administrative law judge credited this evidence.
 
 
 6
 In making a disability determination, an administrative law judge must go through a five-step analysis as set forth in 20 C.F.R. Sec. 416.920(a)-(f). An SSI applicant is considered presumptively disabled and qualifies to receive benefits if he or she meets or equals one of the impairments in the listing under subsections 12.04 and 12.08. 20 C.F.R. Sec. 416.920(d). As the Commissioner points out, the administrative law judge correctly ended his analysis at step four of the five-step disability analysis because a finding that an applicant can perform past work requires a conclusion that the applicant is not disabled. For purposes of our decision, we need not go beyond the finding the administrative law judge made at step four of his analysis.
 
 
 7
 The administrative law judge's first finding that Dilbone is not presumptively disabled is based on substantial evidence on the record as a whole. The administrative law judge determined, based on the evaluation performed by Dr. Mann and the opinion of Dr. Steinberg, that Dilbone did not qualify as "presumptively disabled" under subsections 12.04 and 12.08. Once the administrative law judge determined that Dilbone was not presumptively disabled, he had to find whether Dilbone could perform past relevant work. 20 C.F.R. Sec. 416.920(e). Dilbone had worked from 1978 to 1980 as a cafeteria worker at K-Mart, a job she states required her to walk or stand for eight hours a day. From 1971-76, she had worked as a cashier. The administrative law judge determined that Dilbone was capable of performing the work she had done in the past as a deli worker, but that she would not be able to be a cashier. Not having carried her burden to show that she would not be able to return to her previous employment as a deli worker, the administrative law judge concluded that Dilbone did not qualify for SSI benefits. 42 U.S.C. Sec. 423(d)(1)(A) (claimant has the burden of proving she is entitled to benefits); Hephner v. Mathews, 574 F.2d 359, 361 (6th Cir.1978) (claimant must establish that there is a medical basis to show that the impairment prevents her from engaging in a particular occupation).
 
 
 8
 Having found that Dilbone could perform work she had done in the past, the administrative law judge did not need to make any findings regarding whether other work existed in significant numbers in the national or regional economy. 20 C.F.R. Sec. 416.920(f) (if claimant cannot do work done in the past, then the administrative law judge must consider claimant's residual functional capacity and whether any other jobs exist as defined by the regulations). The administrative law judge's finding that Dilbone could perform work as a deli worker is supported by substantial evidence. The burden never shifted to the Secretary to establish that Dilbone could perform some type of work existing in significant numbers in the national or regional economy. 20 C.F.R. Sec. 416.920(f).
 
 
 9
 The Commissioner has time and time again denied social security disability benefits to claimants who, like Dilbone, suffer from physical or mental conditions that cause them great hardship, but yet are not found to be the type of impairment or an impairment of sufficient severity to qualify them for benefits. While this Court may have decided Dilbone's case differently were our review de novo, the standard of review we are mandated to apply in this case requires us to reach a decision which, from Dilbone's point of view, must render a harsh result. Because substantial evidence supports the Commissioner's decision, we AFFIRM.
 
 
 
 [1]
 Pursuant to the Social Security Independence and Program Improvements Act of 1994, Public Law No. 103-296, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995. Accordingly, the Commissioner of Social Security is substituted for the Secretary of Health and Human Services as defendant in this suit under section 106(d) of the Act
 
 
 [2]
 The Honorable Julian A. Cook, Jr., Chief Judge of the United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [3]
 Section 1382c(3)(A) provides:
 An individual shall be considered to be disabled ... if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected ... to last for a continuous period of not less than twelve months....
 
 
 [4]
 Section 1382c(3)(B) provides:
 [A]n individual shall be determined to be under a disability only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.... "[W]ork which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.