68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Patricia ODEN, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-3178.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1995.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Patricia Oden appeals a district court judgment that affirmed the Secretary's denial of her application for social security disability benefits and supplemental security income. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 An Administrative Law Judge ("ALJ") found that Oden had severe obesity, high blood pressure, diabetes mellitus, bilateral heel spurs and corrected hearing loss. The ALJ found that these impairments precluded performance of Oden's past work as a nursing assistant. However, he also found that Oden's condition was not equivalent to any of the impairments that are listed in Appendix 1 to the regulations and that Oden could still perform a wide range of sedentary work. Thus, the ALJ found that Oden was not disabled by relying directly on the medical-vocational guidelines ("grids") that are found at 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 201.24. The ALJ's opinion became the final decision of the Secretary on April 20, 1992, when the Appeals Council declined further review.
 
 
 4
 The district court adopted a magistrate judge's recommendation and dismissed the case on January 31, 1995. In so ruling, the court found that Oden's obesity was not equivalent to a listed impairment and that Oden could perform a full range of sedentary work despite her hearing loss. It is from this judgment that Oden now appeals.
 
 
 5
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 6
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if this court might have decided the case differently based on substantial evidence to the contrary. Young v. Secretary of Health and Human Servs., 925 F.2d 146, 147 (6th Cir.1990).
 
 
 7
 Oden now argues that her condition was equivalent to the impairment that was described at 20 C.F.R. Part 404, Subpart P, Appendix 1 Sec. 10.10 (1993). Oden bore the burden of producing evidence to show that her condition met or equalled a listed impairment. See Evans v. Secretary of Health and Human Servs., 820 F.2d 161, 164 (6th Cir.1987) (per curiam). To meet this burden, she must point to medical signs and laboratory findings that are at least equal to a listed impairment in duration and severity. See Hale v. Secretary of Health and Human Servs., 816 F.2d 1078, 1083 (6th Cir.1987) (per curiam).
 
 
 8
 In pertinent part, listing 10.10 described a particular level of obesity in conjunction with the following specific conditions:
 
 
 9
 A. History of pain and limitation of motion in any weight bearing joint or spine (on physical examination) associated with X-ray evidence of arthritis in a weight bearing joint or spine; or
 
 
 10
 B. Hypertension with diastolic blood pressure persistently in excess of 100 mm. Hg measured with appropriate size cuff.
 
 
 11
 20 C.F.R. Part 404, Subpt. P, App. 1 Sec. 10.10 (1993). It is undisputed that Oden met the height and weight requirements for this listing. However, substantial evidence supports the ALJ's finding that she did not have a limited range of motion associated with X-ray evidence of arthritis or persistent hypertension, as required by the pertinent parts of the listing.
 
 
 12
 At the administrative hearing, a medical advisor, Dr. Plotkin, specifically testified that Oden did not satisfy the requirements of listing 10.10. A consulting physician, Dr. Hughes, also concluded that Oden did not have a listed impairment. These opinions are amply supported by the medical record. Hence, there was substantial evidence to support the ALJ's finding that Oden's condition was not equivalent to a listed impairment. See Atterberry v. Secretary of Health and Human Servs., 871 F.2d 567, 570 (6th Cir.1989); Hale, 816 F.2d at 1083.
 
 
 13
 While there is also evidence to the contrary, the record supports a specific finding that Oden did not meet the requirements of subsection A of listing 10.10. Dr. Shane examined Oden in August of 1989. He noted pain on weight bearing and diagnosed "acute infracalcaneal bursitis and heel spur formation." However, Dr. Burick subsequently reported that Oden never complained of joint or spine pain and that she did not have a limited range of motion. In July of 1990, Dr. Gianakopoulos noted that Oden walked easily around the exam room and that her strength and range of motion were essentially normal. Dr. Hardie also reported that Oden had a good range of motion and that she was fully ambulatory. Moreover, the only pertinent X-ray evidence revealed a normal foot, although Oden had mild arthritis in her knee.
 
 
 14
 There is likewise substantial evidence to support a finding that Oden did not satisfy the requirements of subsection B of the listing. The record indicates that Oden's diastolic reading only exceeded 100 mm. on relatively a few occasions. Thus, there was substantial support for the ALJ's finding that she did not have persistently elevated blood pressure, as required by listing 10.10(B).
 
 
 15
 Substantial evidence also supports the ALJ's finding that Oden was able to perform the exertional demands of sedentary work. See 20 C.F.R. Secs. 404.1567(a) and 416.967(a) (1993). Dr. Shane indicated that Oden was limited to sitting work with occasional standing and walking. Drs. Hughes and Hardie both reported that she could perform medium work if it did not require sustained walking or standing. Finally, Dr. Plotkin's testimony indicates that Oden could perform the requirements of sedentary work.
 
 
 16
 Since Oden was unable to perform her past work, the burden shifted to the Secretary to show that a significant number of other jobs were available to her despite her impairments. See Atterberry, 871 F.2d at 569. The ALJ met this burden by relying directly on Rule 201.24 of the grids, which indicates that a significant number of sedentary jobs are available to someone of Oden's age, education and vocational background.
 
 
 17
 The Secretary may not rely exclusively on the grids when a claimant has a non-exertional impairment that limits her ability to perform a wide range of work at a given level. The record in the present case shows that Oden suffers from hearing loss. However, there is substantial evidence to support the ALJ's finding that Oden was able to perform a wide range of sedentary work despite this impairment. Dr. Mooney noted that a hearing aid would be beneficial, as Oden was not interested in corrective surgery. Dr. Tedesheki later reported that Oden had obtained bilateral hearing aids and that she should be able to function normally with them. In addition, Drs. Burick and Gianakopoulos both reported that Oden could hear and understand ordinary conversation. Hence, Oden's hearing loss did not prevent her from performing a wide range of sedentary work, and the grids provide substantial evidence to support the Secretary's ultimate determination that she was not disabled. See Atterberry, 871 F.2d at 572.
 
 
 18
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United Stated District Judge for the Eastern District of Michigan, sitting by designation