**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 2 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHARON DOWTY,

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

Defendant-Appellee.

No. 02-7103
(D.C. No. 01-CV-539-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Sharon Dowty appeals from a district court order affirming the Commissioner's decision denying her application for supplemental security income benefits. The Commissioner concluded that plaintiff was not disabled within the meaning of the Social Security Act because, despite her limitations, she was able to perform a significant number of jobs that exist in the national economy. Because the Commissioner's decision is supported by substantial evidence, we affirm.

Plaintiff filed her application for benefits in 1996, alleging inability to work since 1994 due to mental disorders. Her application was denied initially and on reconsideration. Following a hearing before an administrative law judge (ALJ), the ALJ found that plaintiff was impaired by an anxiety disorder and a mood disorder, and that these impairments precluded her from doing her past relevant work. The ALJ further found that plaintiff retained the residual functional capacity (RFC) to perform a wide range of medium work, reduced by her inability to understand, remember, and carry out detailed or complex instructions, to tolerate more than superficial contact with the general public, or to tolerate work that is stressful.

Based on these findings and the testimony of the vocational expert (VE) at the hearing, the ALJ concluded that plaintiff is capable of performing work that exists in significant numbers in the national economy, including working as maid,

janitor, mix hand, mail clerk, laundry presser, or newspaper worker. Thus, the ALJ concluded that plaintiff was not disabled at step five of the Commissioner's five-step sequential process for determining disability. See 20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five-step process).

Plaintiff contends the ALJ failed in his legal obligation to give an individualized assessment of her ability to deal with stress. In a related issue, plaintiff also contends that the hypothetical question posed by the ALJ to the VE was inadequate because it did not identify the specific nature of her stress. Plaintiff relies on Social Security Ruling (SSR) 85-15, 1985 WL 56857, which instructs that "[t]he reaction to the demands of work (stress) is highly individualized," and that mentally impaired individuals "may have difficulty meeting the requirements of even so-called 'low-stress' jobs," and that "[a]ny impairment-related limitations created by an individual's response to demands of work . . . must be reflected in the RFC assessment." 1985 WL 56857, at *6. She further relies on *Lancellotta v. Secretary of Health & Human Services*, 806 F.2d 284 (1st Cir. 1986), in which the court observed that "stress is not a characteristic of a job, but instead reflects an individual's subjective response to a particular situation," and, citing SSR 85-15, held that the Commissioner must make specific

findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect her ability to work. *Id*. at 285.

In *Lancellotta*, three physicians determined that the claimant was "totally incapacitated as a result of anxiety." *Id*. There was evidence in the record indicating that the claimant in that case, who had suffered a head injury, experienced dizziness, ringing in his ears, severe anxiety, fatigue, stomach distress, shortness of breath, and ventricular irregularity, feared going outside, and was incapable of driving. In contrast, no doctor found plaintiff to be disabled and no treating physician found her to be totally incapacitated by stress or anxiety. Unlike the claimant in *Lancellotta*, there is no evidence in the record demonstrating her stress and anxiety preclude her from all employment.

Plaintiff's former treating physician, Dr. Dean, performed the only complete mental examination of plaintiff. He concluded that plaintiff did suffer from a stress disorder, anxiety disorder, and depression, in particular near the anniversary of her boyfriend's suicide, but that she was friendly, alert, oriented, and appropriate during the examination, demonstrated no unusual behavior, and did not report having frank panic attacks, phobias, hysterical behavior, hallucinations, or delusional thinking. R. Vol. II, at 135-6. Dr. Dean concluded that plaintiff is oriented to time, place, and person and is able to manage her own funds, shop, prepare meals, clean her home, do laundry, pay bills, and manage her home

without supervision. *Id*. at 137. He further concluded that she was able to do simple arithmetic, and was able to relate to her family, friends, and neighbors. *Id.*

Plaintiff testified at her hearing that because of her stress, she is unable to drive, does not like being around people, and needs help paying bills and going to the store. The ALJ noted, however, that her testimony conflicted with her statements to Dr. Dean that she drove herself to the examination and that she was able to shop, cook, clean, do laundry, and pay her bills, and conflicted with her disability application materials, in which she stated she was able to do light housekeeping and did not need help with her personal needs or grooming. The ALJ found that plaintiff's subjective complaints about her limitations were not fully credible, a finding plaintiff does not dispute on appeal.

Plaintiff also directs this court to the report of Dr. Brixey, D.O., who stated that she has extreme limitations in the areas of attention, concentration, and social interaction. The ALJ did not fully credit this report because Dr. Brixey is not a psychiatrist or similar specialist and gave only a conclusory report, without any supporting objective medical evidence to support his conclusions. Plaintiff does not challenge the ALJ's assessment of Dr. Brixey's report.

We conclude that the ALJ's findings with respect to plaintiff's stress were specific and individualized and that his assessment of her RFC included the individualized assessment of her stress required by SSR 85-15. He specifically

found that she could not perform work which requires understanding, remembering and carrying out detailed or complex instructions, that required more than superficial contact with the public, or that is categorized as stressful. These limitations reflected plaintiff's impairments to the extent that the ALJ found them to be supported by evidence in the record.

For the same reason, we conclude the hypothetical which the ALJ posed to the VE fairly summarized the limitations which were found to be credible and supported by the medical evidence.

The judgment of the district court is AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge