**Robin L. THOMPSON, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant–Appellee.**

No. 02–6235.

United States Court of Appeals, Second Circuit.

Sept. 26, 2003.

Gerald A. Harley, Harley Law Offices, Littleton, Colorado, for Appellant.

Heather E. Ross, Assistant United States Attorney, (Peter W. Hall, United States Attorney for the District of Vermont; Joseph E. Dunn, Assistant United States Attorney, of counsel), Burlington, Vermont, for Appellee.

PRESENT: FEINBERG, RAGGI,

Circuit Judges, and McKENNA,[1] District Judge.

## SUMMARY ORDER

Plaintiff–Appellant Robbin Thompson,[2] who sued in the district court to challenge the Commissioner of Social Security's decision to deny her Supplemental Social Security Income benefits, appeals from an award of summary judgment in favor of the Commissioner. Although we review *de novo* Ms. Thompson's challenge to the Commissioner's decision denying benefits, like the district court, we must affirm the Commissioner if her decision was based on the correct legal standard and supported by substantial evidence, i.e., by evidence that a reasonable mind might accept as adequate to support the conclusion reached. *See Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir.2002); *Tejada v. Apfel,* 167 F.3d 770, 773 (2d Cir.1999). Applying these principles to this case, we find no merit in any of Ms. Thompson's challenges to the Commissioner's decision.

1. *Applying the Correct Law with Respect to the Five–Step Evaluation Process*

■ Ms. Thompson asserts that the Administrative Law Judge ("ALJ") who reviewed her claim erred in failing to apply the sequential five-step evaluation process provided in 20 C.F.R. § 416.920. We disagree. Although the ALJ did not reference each step of the process in her discussion of the evidence, she expressly stated that her review was conducted pursuant to § 416.920. Moreover, she clearly addressed the factors relevant to each step in her detailed opinion.

Upon reaching the fifth step, the ALJ correctly placed the burden on the Commissioner to show that a significant number of jobs existed in the economy that Ms. Thompson could perform despite her various physical and mental impairments. Because the ALJ expressly found that Ms. Thompson had the residual functional capacity to perform essentially the full range of sedentary work, a conclusion supported by substantial evidence,[3] the law permitted the Commissioner to meet her burden "by resorting to the applicable medical vocational guidelines (the grids), 20 C.F.R. Pt. 404, Subpt. P, App. 2 (1986)." *Rosa v. Callahan,* 168 F.3d 72, 78 (2d Cir.1999) (quoting *Bapp v. Bowen,* 802 F.2d 601, 604 (2d Cir.1986)). Accordingly, the ALJ did not misapply applicable law when it based its ruling on these guidelines without further inquiry of a vocational expert.

2. *Treating Physician Rule*

■ Ms. Thompson submits that the Commissioner failed to give proper consid-

---

1. The Honorable Lawrence M. McKenna of the United States District Court for the Southern District of New York, sitting by designation.

2. It appears that Ms. Thompson's first name was mis-spelled in the case's caption. In signed documents filed with the Social Security Administration, she spells her name "Robbin" rather than "Robin."

3. Ms. Thompson submits that there is a fatal flaw in the ALJ's evaluation of the evidence because she ignored three medical limitations—positional vertigo, post-concussion syn-

drome and chronic pain syndrome—in her evaluation. These limitations are first identified by her treating physician in a note dated May 14, 2001, well after the ALJ's May 28, 1999 decision, and do not appear to relate to claimant's condition during the time period for which benefits were sought. *See generally Lisa v. Secretary of Dep't of Health and Human Svcs. of U.S.,* 940 F.2d 40, 43 (2d Cir. 1991) (holding that new evidence is material only if it relates to claimant's condition during the time period for which benefits were denied). Accordingly, we find no error in the ALJ's review of the record evidence.

eration to the opinion of her treating physician, Dr. Edwards, that she was totally and permanently disabled. Although a physician's disability opinion is not a medical opinion binding on the Commissioner, *see* 20 C.F.R. § 416.927(e), she must give it controlling weight when it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2)(2001); *see Schisler v. Sullivan,* 3 F.3d 563, 564 (2d Cir.1993). That is not this case. As the district court correctly observed in carefully reviewing relevant portions of the record, Dr. Edwards's opinion was not supported by such objective evidence. To the contrary, a battery of physical and psychological tests revealed that Ms. Thompson suffered from discrete limitations that were not so severe even in combination to prevent her from performing a wide range of sedentary work. Thus, the Commissioner did not err in declining to give Dr. Edwards's disability opinion controlling weight in this case.

### 3. *Failure to Reopen Prior Applications*

The ALJ's 1997 refusal to reopen Ms. Thompson's 1993 and 1994 disability applications was not legal error. The request to reopen was plainly untimely under 20 C.F.R. §§ 416.1488 and 416.1489 (2001), and, to the extent Ms. Thompson raises a due process challenge to the filing deadline based on mental incapacity, *see Byam v. Barnhart,* 336 F.3d 172, 179 (2d Cir.2003), we must conclude, as the district court did, that the considerable record evidence of her mental condition at the relevant time can support only one conclusion, i.e., her impairments were not so severe as to suggest that she was unable to pursue administrative remedies within the time provided, *cf. id.* at 183 (holding that "plaintiff has put forth sufficient evidence to warrant consideration of her due process claim").

### 4. *Credibility Findings*

Ms. Thompson challenges the ALJ's adverse finding as to her credibility on the grounds that she did not explain this conclusion. This argument, which appears not to have been raised in the district court, is, in fact, belied by the ALJ's decision, which states that the credibility conclusion was reached after consideration of "all of the evidence in the record, including [Ms. Thompson's] statements." ALJ Decision at 8. Immediately thereafter the ALJ details how Ms. Thompson's description of her symptoms was at odds with her treatment history, her medication regime, and her daily routine.

To the extent Ms. Thompson notes a discrepancy between the credibility finding made at page 8 of the ALJ decision and that noted at page 10, it is obvious from the opinion as a whole that the inclusion of the word "not" in the latter finding represents a typographical error.

In sum, because we find that the Commissioner did not misapply the applicable law and because her conclusion is supported by substantial evidence, we AFFIRM the district court's award of summary judgment in favor of the Commissioner.