Gregory **MOORE**, Plaintiff,

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.**

**No. 03–2331–KHV.**

United States District Court, D. Kansas.

April 1, 2004.

James H. Green, Kansas City, MO, for Plaintiff.

Christopher Allman, Office of United States Attorney, Kansas City, KS, for Defendant.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

Gregory Moore appeals the final decision of the Commissioner of Social Security to deny disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. On February 19, 2004, the Court reversed the decision of the Commissioner and remanded the case for further proceedings. This matter is before the Court on *Defendant's Motion To Alter Or Amend Pursuant To Fed.R.Civ.P. 59(e)* (Doc. # 22) filed March 4, 2004. Pursuant to D. Kan. Rule 6.1(e)(1) and Fed.R.Civ.P. 6(a), plaintiff had until March 18, 2004 to file a response to defendant's motion to alter or amend judgment. To date, plaintiff has not responded to defendant's motion. Pursuant to D. Kan. Rule 7.4, "[i]f a respondent fails to file a response within the time required by Rule 6.1(e), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." For this reason and those set forth below, the Court sustains defendant's motion.

The Court remanded this case because the ALJ conclusively applied the Appendix II grids even though he found that claimant was capable of performing less than the "full range" of sedentary work. *See Memorandum And Order* (Doc. # 19) filed February 19, 2004. In his decision, the ALJ found that plaintiff's nonexertional limitations do not significantly affect his ability to perform a "wide range" of unskilled sedentary work. Tr. 16. Based on the limitations which the ALJ found, the Court assumed that the ALJ either (1) mistakenly used the phrase "wide range of

sedentary work" when he intended to use the phrase "full range of sedentary work" or (2) did not believe that plaintiff could perform the full range of sedentary work because of exertional or nonexertional impairments. *See Memorandum And Order* (Doc. # 19) at 13. The Court found that in either event, remand was necessary for the ALJ to further explain his ruling or award benefits. *See id.* In particular, the Court noted:

> the ALJ should explain whether plaintiff is capable of performing a "full range" or "wide range" of sedentary work. Furthermore, if plaintiff is capable of performing only a wide range of sedentary work, the ALJ should explain what impairments limit plaintiff to less than a full range of sedentary work and whether plaintiff is nevertheless able to perform work available in the local and national economy.

*Id.*

Defendant argues that the ALJ's finding that plaintiff could perform a "wide range" of sedentary work is equivalent to a finding that plaintiff could perform the "full range" of sedentary work as the Commissioner defines the term. *See* defendant's *Memorandum In Support Of Defendant's Motion To Alter Or Amend Pursuant To Fed.R.Civ.P. 59(e)* (Doc. # 23) at 3 (citing 20 C.F.R. § 416.967(b); *Dowty v. Barnhart,* 68 Fed.Appx. 953, 2003 WL 21509142 (10th Cir. July 2, 2003); *Hill v. Barnhart,* 33 Fed.Appx. 941, 2002 WL 539118 (10th Cir. Apr.12, 2002) and *Jozefowicz v. Heckler,* 811 F.2d 1352 (10th Cir.1987)). The Court agrees. Based on these authorities and others, the Court finds no material difference between a conclusion that a claimant can perform a "wide range of sedentary work" and a finding that a claimant can perform a "full range of sedentary work." *See Phillips v. Barnhart,* 357 F.3d 1232, 1243–44 (11th Cir.2004)

(ALJ may rely exclusively on grids if he finds that claimant can perform "wide range" of sedentary jobs); *Thompson v. Barnhart*, 75 Fed.Appx. 842, 844–45 (2d Cir. Sept.26, 2003) (ALJ did not err applying grids as to claimant that could perform "wide range" of sedentary work); *Johnson v. Barnhart*, 2003 WL 22595220, at *6 (11th Cir. May 22, 2003) (same); *Patrick v. Barnhart*, 323 F.3d 592, 595–96 (8th Cir. 2003) (same); *Oden v. Comm'r of Social Security*, 68 F.3d 475, 1995 WL 607846, at *1 (6th Cir. Oct.13, 1995) (same).

The social security regulations and agency rulings also support the Court's ruling. As to light work, the social security regulations use the phrases "full range" and "wide range" interchangeably. *See* 20 C.F.R. § 416.967(b) (defining "light work" and noting that to be considered capable of performing "full or wide range of light work," claimant must have ability to do substantially all of the listed activities); 20 C.F.R. § 404.1567(b) (same). The regulations do not refer to a "wide range of sedentary work," but they do not suggest that the phrase "wide range" should have a different meaning when referring to sedentary work. In addition, the social security ruling which sets forth the consequences of a finding of less than a full range of sedentary work defines a "full range of sedentary work" as the capacity to perform all or "substantially all" of the approximately 200 unskilled sedentary occupations administratively noticed. *See* Soc. Sec. Ruling 96–9P, *Policy Interpretation Ruling Titles II & XVI: Determining Capability To Do Other Work—Implications Of A Residual Functional Capacity For Less Than A Full Range Of Sedentary Work*, 1996 WL 374185, at *3 (July 2, 1996). The common definition of "wide" is "having a large scope or range" and "not limited." Webster's Third New Int'l Dictionary (1993) at 2613. The common meaning of a "wide range of sedentary work" therefore encompasses "substantial-ly all" of the unskilled sedentary occupations administratively noticed, *i.e.* a "full range of sedentary work." *See* Soc. Sec. Ruling 96–9P, 1996 WL 374185, at *3.

As explained in the Court's prior order, substantial evidence supports the ALJ conclusion that plaintiff's "nonexertional limitations do not significantly affect his ability to perform a wide range of unskilled sedentary work." *Memorandum And Order* (Doc. # 19) at 10. Because a "wide range" of unskilled sedentary work is the functional equivalent of a "full range" of unskilled sedentary work as that phrase is defined by the Commissioner, the ALJ did not err by conclusively applying the Appendix II grids. The Court therefore must affirm the decision of the Commissioner.

**IT IS THEREFORE ORDERED** that *Defendant's Motion To Alter Or Amend Pursuant To Fed.R.Civ.P. 59(e)* (Doc. # 22) filed March 4, 2004 be and hereby is **SUSTAINED.**

**IT IS FURTHER ORDERED** that the Court's *Judgment* (Doc. # 20) filed February 19, 2004 be and hereby is **VACATED.**

**IT IS FURTHER ORDERED** that the Judgment of the Commissioner is **AFFIRMED.**

**IT IS FURTHER ORDERED** that plaintiff's *Application For Attorney's Fees Pursuant To The Equal Access To Justice Act* (Doc. # 21) filed February 19, 2004 be and hereby is **OVERRULED as moot.**